IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| NDN COLLECTIVE, individually and on behalf of all others similarly situated, and SUNNY RED BEAR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO, CONNIE UHRE, and NICHOLAS UHRE,<br><br>Defendants. | Case No.: 5:22-cv-5027<br><br>**COMPLAINT** |

Plaintiffs NDN Collective and Sunny Red Bear, individually and on behalf of all others similarly situated, alleges as follows:

**INTRODUCTION**

1. This lawsuit arises out of the explicit racial discrimination by Defendants Retsel Corporation d/b/a Grand Gateway Hotel ("Grand Gateway Hotel") and d/b/a Cheers Sports Lounge and Casino ("Cheers Bar"), Connie Uhre, and Nicholas Uhre (collectively, the "Uhres").

2. Connie Uhre owns and operates the Grand Gateway Hotel in Rapid City, South Dakota. She also owns and operates Cheers Bar, which is located on the same

1

premises as, and connected to, the Grand Gateway Hotel. The Grand Gateway Hotel and Cheers Bar are managed by Nicholas Uhre, Connie's son.

3. On March 21 and 22, 2022, the Defendants discriminated against NDN Collective and Sunny Red Bear on the basis of their race, in violation of 42 U.S.C. § 1981.

4. The Defendants' intentional racial discrimination against the Plaintiffs is part of a policy, pattern, or practice of intentional racial discrimination against Native Americans.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 because this complaint involves a claim to recover damages for the protection of civil rights under 42 U.S.C. § 1981, which provides for redress when the right to make or enforce a contract is interfered with on the basis of racial discrimination or animus, and 42 U.S.C. § 1988, which authorizes the recovery of attorneys' fees.

6. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 *et seq.*, Rules 57 and 65 of the Federal Rules of Civil Procedure, and the general legal and equitable powers of this Court.

7. Venue is appropriate under 28 U.S.C § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the District of South Dakota and Defendants reside or are located in this judicial district.

## PARTIES

8.  Plaintiff NDN Collective is a 501(c)(3) non-profit organization registered in Rapid City, South Dakota. NDN Collective's mission includes educating, funding, and organizing those engaged in Native American issues. NDN Collective seeks to increase philanthropic and capital investment in Native communities; to use trainings, leadership development, and education to prepare Indigenous communities to create sustainable outcomes for their people and planet; and to develop a political agenda for activism related to the Indigenous community goals of, among other things, protecting and defending their land, air, water and the planet. NDN Collective makes regular use of public accommodations in Rapid City, including hotels.

9.  Plaintiff Sunny Red Bear is an individual residing in Rapid City, South Dakota. Ms. Red Bear is Native American and a member of a protected class.

10. Defendant Retsel Corporation is a South Dakota corporation. On information and belief, Retsel Corp. does business as the Grand Gateway Hotel. The 2021 Annual Report filed with the South Dakota Secretary of State for Retsel Corp. lists its actual address in this state as 1721 N Lacrosse Street, Rapid City, South Dakota. That address is the same as the address listed online for the Grand Gateway Hotel.[1]

11. On information and belief, Retsel Corp. also operates the Cheers Bar, which is located within the Grand Gateway Hotel. The website for the Grand Gateway

---

[1] *See* Grand Gateway Hotel, available at https://www.grandgatewayhotel.com/ (last accessed March 22, 2022).

Hotel contains a section for the Cheers Sports Lounge and Casino, which states, among other things "The Grand Gateway Hotel – a hotel, a restaurant, and a sports bar – all on the same property."[2]

12. On information and belief, Defendant Connie Uhre is an individual and a South Dakota resident residing in Rapid City, South Dakota. Connie Uhre owns and operates Retsel Corp. d/b/a Grand Gateway Hotel, and d/b/a Cheers Sports Bar and Lounge. The 2021 Annual Report for Retsel Corp. lists Connie Uhre as President and a director of that entity.

13. On information and belief, Defendant Nicholas Uhre is an individual and South Dakota resident residing in Rapid City, South Dakota. On information and belief, Nicholas Uhre is the manager of the Grand Gateway Hotel and Cheers Bar. The 2021 Annual Report for Retsel Corp. lists Nicholas Uhre as a director of that entity.

14. Retsel Corp., and its businesses, Grand Gateway Hotel and Cheers Bar, are vicariously liable for the actions of the employees, owners, managers, and directors of the corporation. The Uhres are also individually liable for their actions.

**ADDITIONAL FACUTAL ALLEGATIONS**

15. The Grand Gateway Hotel and Cheers Bar are open to the public and offer services as public accommodations.

---

[2] *See* Grand Gateway Hotel, available at https://www.grandgatewayhotel.com/rapid-city-hotel-dining/cheers-sports-lounge-casino (last accessed March 22, 2022).

16. On or around March 20, 2022, Connie Uhre posted on social media that she will "not allow a Native American to enter our business including Cheers" because she is unable to tell "who is a bad Native or a good Native."[3]

17. In another since-deleted social media post,[4] Connie Uhre not only stated that she was banning Native Americans from the Grand Gateway Hotel and from Cheers Bar, but she also offered a "very special rate" to ranchers and travelers—presumably, only non-Native ranchers and travelers:



> **Connie Uhre**
> Do to the killing that took place at the Grand Gateway Hotel on March 19 2022 at 4 am plus all the vandalism we have had since the Mayor and Police Department are working with the non profit organization ( Dark Money) . We will no long allow any Native American on property. Or in Cheers Sports Bar. Natives killing Natives. Rancher and Travelers will receive a very special rate of 59.00 a night. Book Direct.
>
> 1d   Like   Reply

---

[3] Siandhara Bonnet, *Hotel threatens to ban Native Americans following shooting*, Rapid City Journal, March 21, 2022, available at https://rapidcityjournal.com/news/local/hotel-threatens-to-ban-native-americans-following-shooting/article_d3282ee4-95fb-5873-a02a-2d0aff9c0975.html (last accessed March 22, 2022); KOTA Staff, *Rapid City hotel purportedly bans Native Americans from its property*, KOTA, March 21, 2022, available at https://www.kotatv.com/2022/03/22/rapid-city-hotel-purportedly-bans-native-americans-its-property/ (last accessed March 22, 2022).

[4] It is unclear if this is the same social media post quoted in the articles cited in note 3.

5

18. Nicholas Uhre also sent an email on or around March 20, 2022, in which he stated, "I really do not want to allow Natives on property. Every time we have problems I call the police with it, the first thing they ask is what nationality is he or she and 98% of the time I have to say native [sic], and we call at least once a week. they [sic] kill each other walk around with guns . . . The problem is we do not know the nice ones from the bad natives…so we just have to say no to them!!"[5]

19. Despite these overtly racial comments, the Uhres claim the Grand Gateway Hotel and Cheers Bar do not have a policy discriminating against Native Americans. This claim is pretext for intentional racial discrimination against the Plaintiffs and the members of the class.

I. **Intentional Racial Discrimination Against Sunny Red Bear**

20. On March 21, 2022, Plaintiff Sunny Red Bear entered the Grand Gateway Hotel with another Native American woman. The two women tried to rent a room at the hotel.

21. After initially beginning to process the rental and providing a price quote, a hotel employee refused to rent a room to them, claiming that the hotel had a policy that it did not rent rooms to people with "local" identification. This was mere pretext to discriminate against Ms. Red Bear based on her race.

---

[5] Arielle Zionts, *Workers quit, lawsuit pending after hotel owner calls for ban on Native Americans*, SDPB, March 22, 2022, available at https://listen.sdpb.org/business-economics/2022-03-22/workers-quit-lawsuit-pending-after-hotel-owner-calls-for-ban-on-native-americans (last accessed March 23, 2022).

22. The hotel employee first claimed that this local identification policy was an actual policy. Then she reversed herself, claiming there was not a formal policy but that this was an effort to implement and/or deal with the fallout from Connie Uhre's social media posts. On information and belief, no written policy existed, and no such policy was provided to Ms. Red Bear.

23. The hotel employee also did not allow the other woman to rent the room under her name using her identification.

24. As a direct result of Connie Uhre's decision, announced on social media, to exclude Native Americans from her businesses, Ms. Red Bear was discriminated against in violation of federal law. On information and belief, Nicholas Uhre has also endorsed and enforced this policy.

25. As a result of the Defendants' public statements endorsing racial discrimination at their businesses, and as a result of the March 21, 2022, incident, Ms. Red Bear felt and feels threatened, embarrassed, humiliated, disturbed, and shocked. She feels unwelcome to return.

26. Ms. Red Bear had not done anything to warrant exclusion from the Grand Gateway Hotel. Instead, Ms. Red Bear and her companion were excluded on the basis of their race and protected status as Native Americans.

27. As a result of the Defendants' intentional policy of racial discrimination, Ms. Red Bear was prevented from completing any transactions at the Grand Gateway Hotel and at Cheers Bar.

## II.     Intentional Racial Discrimination Against NDN Collective.

28.     On March 22, 2022, representatives of NDN Collective entered the Grand Gateway Hotel to reserve five rooms on behalf of the organization.

29.     NDN Collective was told that they could not rent rooms due to some "issues" that the hotel had.

30.     When NDN Collective stated that Expedia showed rooms available, the front desk employee confirmed that rooms were, in fact, available but the hotel would not rent those available rooms to NDN Collective.

31.     At no point did the NDN Collective representative present a form of identification, local or otherwise.

32.     The NDN Collective representative asked to speak to a manager. At all times, the interaction with the front desk employee was respectful and polite.

33.     Immediately thereafter, an individual believed to be Nicholas Uhre approached the NDN Collective representatives and forcefully demanded that they leave the hotel. He then followed them out of the hotel. The representatives of NDN Collective were intimidated by Nicholas Uhre's threatening demeanor.

34.     As a direct result of Connie Uhre's decision, announced on social media, to exclude Native Americans from her businesses, NDN Collective was discriminated against in violation of federal law. Nicholas Uhre also endorsed and enforced this policy, including by intimidating the NDN Collective representatives and excluding them from the hotel.

35. As a result of the Defendants' public statements endorsing racial discrimination at their businesses, NDN Collective and its members felt and feel threatened, embarrassed, humiliated, disturbed, and shocked.

36. Further, as a result of the March 22, 2022, incident at the Grand Gateway Hotel, NDN Collective and its members felt and feel threatened, embarrassed, humiliated, disturbed, and shocked. They feel unwelcome to return.

37. The individuals present at the Grand Gateway Hotel on behalf of NDN Collective had not done anything to warrant exclusion from the Grand Gateway Hotel. Instead, they were excluded on the basis of their race and protected status as Native Americans, the racial identity of their organization, and NDN Collective's advocacy for Native Americans.

38. As a result of the Defendants' intentional policy of racial discrimination, NDN Collective was prevented from completing any transactions at the Grand Gateway Hotel and at Cheers Bar.

## CLASS ACTION ALLEGATIONS

39. The Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).

40. Pursuant to a pattern or practice of intentional and willful racial discrimination, Plaintiffs and other Native American patrons have been, are being, and will be denied equal services at the Defendants' businesses, which are public accommodations.

41. The alleged class consists of:

> All Native Americans who have or will visit the Grand Gateway Hotel and/or Cheers Bar. Excluded from the Class are Defendants and their officers, directors, management, employees, subsidiaries, and affiliates. Also excluded is courthouse personnel and their spouses and immediate family.

Alternatively, the Plaintiffs will seek to certify a subclass consisting of

> All Native Americans with a Rapid City address who have or will visit the Grand Gateway Hotel and/or Cheers Bar. Excluded from the Class are Defendants and their officers, directors, management, employees, subsidiaries, and affiliates. Also excluded is courthouse personnel and their spouses and immediate family.

42. The Plaintiffs may alter the class definition(s) to conform with developments in the case and discovery.

43. **Numerosity under Federal Rule of Civil Procedure 23(a)(1):** The class is so numerous that joinder of all members is not practicable. Approximately 10,000 Native Americans live in Pennington County alone.

44. **Commonality and Predominance under Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3):** There are questions of law and fact common to the class members. These common questions predominate over any questions relating to individual class members. Specifically, common questions include, but are not limited to, whether the Defendants have discriminated and will discriminate against class members, whether the Defendants have a policy of discrimination against class members, and whether such discrimination violates federal law.

45. **Typicality under Federal Rule of Civil Procedure 23(a)(3):** The Plaintiffs' claims are typical of the claims of class members. All are based on the same or similar facts and the same legal theories.

46. **Adequacy of Representation under Federal Rule of Civil Procedure 23(a)(4):** Plaintiffs are adequate Class Representatives because their interests do not conflict with the interests of Class Members they seek to represent. Additionally, Plaintiffs have retained counsel experienced in civil rights litigation and class action litigation.

47. **Declaratory and Injunctive Relief under Federal Rule of Civil Procedure 23(b)(2):** Defendants have acted or refused to act on grounds generally applicable to Plaintiffs and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief with respect to the Class as a whole.

48. **Superiority of Class Action under Federal Rule of Civil Procedure 23(b)(3):** A class action is the superior method for the fair and efficient adjudication of this matter, in that individual actions are not economically or practically feasible, and members of the class are unlikely to be aware of their rights or pursue litigation.

49. On behalf of the class, the Plaintiffs may seek the following relief: certification of a class or classes as appropriate, compensatory and punitive damages as determined by a jury, injunctive and declaratory relief, and attorneys' fees and costs.

## CLAIMS FOR RELIEF[6]

### Count I: Violation of 42 U.S.C. § 1981.
### Against all Defendants

50. The Plaintiffs incorporate all previous paragraphs of this Complaint as if fully set forth herein.

51. Section 1981 provides that all persons within the jurisdiction of the United States shall have "the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981. This includes "the making performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b).

52. Section 1981 is not limited to existing contractual relationships.

53. Sunny Red Bear is a member of a protected class.

54. Sunny Red Bear was engaged in an activity protected by 42 U.S.C. § 1981 when she attempted to make a contract for the purchase of hotel rooms at the Grand Gateway Hotel.

55. The Grand Gateway Hotel, at the instruction of Connie and/or Nicholas Uhre, intentionally interfered with the formation of that contract based solely on Ms. Red Bear's membership in a protected class.

---

[6] The Defendants also violated 42 U.S.C. § 2000a *et seq.* and the South Dakota Human Relations Act, SDCL ch. 20-13, by engaging in racial discrimination in public accommodations. The Plaintiffs are in the process of filing a complaint with the South Dakota Human Rights Commission, and may amend this complaint 30 days after that administrative complaint is submitted to comply with the jurisdictional prerequisite as interpreted in *Bilello v. Kum & Go, LLC*, 374 F.3d 656 (8th Cir. 2004). This jurisdictional prerequisite does not exist with respect to claims under 42 U.S.C. § 1981.

56.     The Defendants acted with discriminatory intent. Connie and Nicholas Uhre's racist comments, and the discriminatory policy in place at the Grand Gateway Hotel, successfully interfered with and prevented Ms. Red Bear from enjoying her right to enter into a contract with the Grand Gateway Hotel. As a result, Ms. Red Bear was denied access to the Grand Gateway Hotel and the Cheers Bar, located on and within the same property.

57.     The Defendants' actions proximately and directly caused injury and harm to Ms. Red Bear, including the denial of federally and constitutionally protected rights, public embarrassment, severe emotional distress, mental pain and suffering, injury to dignity, anguish, and personal degradation on the basis of race.

58.     NDN Collective represents members of a protected class and it shares the racial identity of its members.

59.     NDN Collective was engaged in an activity protected by 42 U.S.C. § 1981 when it attempted to make a contract for the purchase of hotel rooms at the Grand Gateway Hotel.

60.     The Grand Gateway Hotel, at the instruction of Connie and/or Nicholas Uhre, intentionally interfered with the formation of that contract based solely on NDN Collective's identity and association with members of a protected class.

61.     The Defendants acted with discriminatory intent. Connie and Nicholas Uhre's racist comments, and the discriminatory policy in place at the Grand Gateway Hotel, successfully interfered with and prevented NDN Collective from enjoying its right to enter into a contract with the Grand Gateway Hotel. As a result, NDN

Collective and its members were denied access to the Grand Gateway Hotel and the Cheers Bar, located on and within the same property.

62.     The Defendants' actions proximately and directly caused injury and harm to NDN Collective, including the denial of federally and constitutionally protected rights, public embarrassment, severe emotional distress, mental pain and suffering, injury to dignity, anguish, and personal degradation on the basis of race.

63.     As a result of an unlawful policy or practice, the Defendants denied Ms. Red Bear and NDN Collective the use and enjoyment of the benefits, privileges, terms and conditions that it extends to all other guests and invitees.

64.     While both Ms. Red Bear and NDN Collective were denied the ability to contract for hotel rooms, the Defendants offered a reduced rate to non-Native persons. That rate was not available to the Plaintiffs on the same terms as it was available to others.

65.     By discriminating against the Plaintiffs on the basis of race, the Defendants denied the Plaintiffs the same right to enjoy the benefits, privileges, terms, and conditions of contract that are enjoyed by white citizens, in violation of the Plaintiffs' rights under the Civil Rights Act of 1866, 42 U.S.C. § 1981.

66.     As a result of the Defendants' unlawful conduct, the Plaintiffs have suffered and will continue to suffer economic loss, humiliation, embarrassment, emotional distress, and unlawful deprivation of their federally protected rights to enjoy equal treatment in the making and enforcing of contracts in places of public

accommodation without regard for their race. Plaintiffs are entitled to compensatory damages in an amount to be determined at trial.

67. The Defendants' conduct was intentional, deliberate, reckless, hurtful, wanton, discriminatory, done with malice and in reckless disregard of the rights of Ms. Red Bear, providing a justification and need for punitive damages in this case.

68. The Plaintiffs are entitled to an injunction prohibiting the Defendants from future violations of federal law.

69. The Plaintiffs are entitled to recover attorneys' fees and expert fees under 42 U.S.C. §§ 1981 and 1988 (b) and (c).

### Count II: Declaratory Relief, 28 U.S.C. §§ 2201 and 2202.
### Against All Defendants

70. The Plaintiffs incorporate all previous paragraphs of this Complaint as if fully set forth herein.

71. A dispute currently exists with respect to the rights and obligations of the Plaintiffs, on one hand, and the Defendants, on the other.

72. The Plaintiffs are entitled to a declaratory judgment finding that the foregoing actions of the Defendants violate the Civil Rights Act of 1866, 42 U.S.C. § 1981.

**PRAYER FOR RELIEF**

73. Plaintiff respectfully requests that this Court:

    a. Certify this matter as a class action;

    b. Award compensatory, general, and special damages as each Plaintiff is entitled to recover in an amount determined at trial;

    c. Award punitive damages to each Plaintiff in an amount that will punish the Defendants' conduct and discourage and deter Defendants and others from engaging in similar discrimination in the future;

    d. Issue injunctive relief prohibiting Defendants and all persons acting in concert with them from engaging in further unlawful conduct;

    e. Award to Plaintiffs their costs, expenses, disbursements, and reasonable attorneys' fees in this action pursuant to 42 U.S.C. § 1988;

    f. Award pre-judgment and post-judgment interest;

    g. Pursuant to 28 U.S.C. §§ 2201 and 2202, declare that the Defendants' conduct is unlawful; and

    h. Grant other and further relief, both general and specific, at law, or in equity, as the Court finds is just and proper.

Dated: March 23, 2022

                        Respectfully submitted,

                        */s/ Brendan V. Johnson*
                        Brendan V. Johnson (SD Bar # 3263)
                        Timothy W. Billion (SD Bar # 4641)
                        ROBINS KAPLAN LLP
                        140 North Phillips Ave, Suite 307
                        Sioux Falls, SD 57104
                        Tel: 605-335-1300
                        BJohnson@RobinsKaplan.com
                        TBillion@RobinsKaplan.com

                        ATTORNEYS FOR PLAINTIFFS

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
NDN COLLECTIVE, individually and on behalf of all others similarly situated, and SUNNY RED BEAR, individually and on behalf of all others similarly situated,

**DEFENDANTS**
RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO, CONNIE UHRE, and NICHOLAS UHRE,

**(b)** County of Residence of First Listed Plaintiff: Pennington County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robins Kaplan LLP | 605-335-1300
140 N Phillips Ave, Ste 307 Sioux Falls, SD 57104

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1981

Brief description of cause:
This lawsuit arises out of discrimination by Defendants on the basis of race to members of a protected class, in violation of 42 U.S.C. § 1981.

## VII. REQUESTED IN COMPLAINT:
[x] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $1,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: March 23, 2022

SIGNATURE OF ATTORNEY OF RECORD: /s/ Brendan V. Johnson

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.