UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| NDN COLLECTIVE, individually and on behalf of all others similarly situated, and SUNNY RED BEAR, individually and on behalf of all others similarly situated, and GEORGE BETTELYOUN, individually and on behalf of all other similarly situated, | Civ. No. 5:22-cv-05027-RAL |
| Plaintiffs, | |
| vs. | **DEFENDANTS' JOINT AND SEPARATE ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT, COUNTERCLAIM, THIRD-PARTY COMPLAINT, AND DEMAND FOR JURY TRIAL** |
| RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO, CONNIE UHRE, and NICHOLAS UHRE, | |
| Defendants, | |
| and | |
| RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO | |
| Third-Party Plaintiff, | |
| vs. | |
| JOHN DOES 1 through 20, JANE DOES 1 through 20, and ABC CORPORATIONS 1 through 20, | |
| Third-Party Defendants. | |

Defendants Retsel Corporation d/b/a Grant Gateway Hotel and d/b/a Cheers Sports

Lounge and Casino (Retsel), Connie Uhre, and Nicholas Uhre (collectively Defendants)

1

for their Joint and Separate Answer to Plaintiffs' Second Amended Complaint, Counterclaim, Third-Party Complaint, and Demand for Jury Trial state and allege as follows:

1.    Defendants deny each and every allegation, matter, and thing contained in the Second Amended Complaint (the Complaint) except as hereinafter expressly admitted, alleged, qualified, or otherwise stated.

2.    Defendants deny any allegations or matters contained within the headings or subheadings of Plaintiffs' Complaint.

## INTRODUCTION

3.    Defendants deny the allegations in paragraph 1 of the Complaint.

4.    In response to the allegations contained in paragraph 2 of the Complaint, Defendants admit that Nicholas Uhre is Connie Uhre's son and that he manages the Grand Gateway Hotel and Cheers Sports Bar and Lounge, and Defendants deny the remaining allegations in paragraph 2 of the Complaint.

5.    Defendants deny the allegations in paragraph 3 of the Complaint.

6.    Defendants deny the allegations in paragraph 4 of the Complaint.

7.    Defendants deny the allegations in paragraph 5 of the Complaint.

## JURISIDICTION AND VENUE

8.    Paragraph 6 of the Complaint states a legal conclusion to which no response is necessary, and to the extent that this paragraph states allegations against Defendants, such allegations are denied.

9.    Paragraph 7 of the Complaint states a legal conclusion to which no response is necessary, and to the extent that this paragraph states allegations against Defendants, such allegations are denied.

10.    Paragraph 8 of the Complaint states a legal conclusion to which no response is necessary, and to the extent that this paragraph states allegations against Defendants, such allegations are denied.

## PARTIES

11.    Defendants are without sufficient information and belief to either admit or deny the allegations in paragraph 9 of the Complaint.

12.    Defendants are without sufficient information and belief to either admit or deny the allegations in paragraph 10 of the Complaint.

13.    Defendants are without sufficient information and belief to either admit or deny the allegations in paragraph 11 of the Complaint.

14.    Defendants admit the allegations contained in paragraph 12 and footnote 1 of the Complaint.

15.    Defendants admit the allegations contained in paragraph 13 and footnote 2 of the Complaint.

16.    In response to the allegations contained in paragraph 14 of the Complaint, Defendants deny that Connie Uhre owns and operates Retsel Corporation and admit the remaining allegations in paragraph 14 of the Complaint.

17.    Defendants admit the allegations in paragraph 15 of the Complaint.

18.    Defendants deny the allegations in paragraph 16 of the Complaint.

19.     Paragraph 17 of the Complaint states a legal conclusion to which no response is necessary, but to the extent that this paragraph states allegations against Defendants, those allegations are denied.

## ADDITIONAL FACTUAL ALLEGATIONS

20.     Defendants are without sufficient information to either admit or deny the allegations in paragraph 18 of the Complaint.

21.     Defendants are without sufficient information to either admit or deny the allegations in paragraph 19 of the Complaint.

22.     Defendants are without sufficient information to either admit or deny the allegations in paragraph 20 of the Complaint.

23.     Defendants are without sufficient information to either admit or deny the allegations in paragraph 21 of the Complaint.

24.     Defendants are without sufficient information to either admit or deny the allegations in paragraph 22 of the Complaint.

25.     Defendants admit the allegations in paragraph 23 of the Complaint.

26.     Defendants deny the allegations in paragraph 24 of the Complaint.

27.     Defendants deny the allegations in paragraph 25 of the Complaint.

28.     Defendants deny the allegations in paragraph 26 of the Complaint.

29.     Defendants admit the allegations in paragraph 27 of the Complaint.

30.     In response to the allegations contained in paragraph 28 of the Complaint, Defendants admit that Nick Uhre came from behind the counter but deny the remaining allegations in paragraph 28 of the Complaint.

31.     Defendants deny the allegations in paragraph 29 of the Complaint.

32.     Defendants deny the allegations in paragraph 30 of the Complaint.

33.     Defendants deny the allegations in paragraph 31 of the Complaint.

34.     Defendants deny the allegations in paragraph 32 of the Complaint.

35.     Defendants deny that they caused damage to Plaintiff Bettelyoun, and deny that Plaintiff was deeply shaken by the conduct alleged in the Complaint, and are without sufficient information to either admit or deny the remaining allegations contained in paragraph 33 of the Complaint.

36.     In response to the allegations contained in paragraph 34 of the Complaint, Defendants are without sufficient information and belief to either admit or deny that Plaintiff Bettelyoun lives with HIV, admits that Nicholas Uhre was not wearing a mask during the encounter alleged in the Complaint, and denies the remaining allegations in paragraph 34 of the Complaint.

37.     Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 35 of the Complaint, and to the extent this paragraph states allegations against Defendants, those allegations are denied.

38.     Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 36 of the Complaint, and to the extent this paragraph states allegations against Defendants, those allegations are denied.

39.     In response to the allegations contained in paragraph 37 of the Complaint, Defendants admit that Plaintiff Bettelyoun post about the encounter on social media, are

without sufficient information to either admit or deny whether he filed a police report, and deny the remaining allegations in paragraph 37 of the Complaint.

40.     Defendants deny the allegations in paragraph 38 of the Complaint.

41.     Defendants deny the allegations in paragraph 39 of the Complaint.

42.     Defendants deny the allegations in paragraph 40 of the Complaint.

43.     Defendants deny the allegations in paragraph 41 of the Complaint.

44.     Defendants deny the allegations in paragraph 42 of the Complaint.

45.     In response to paragraph 43 of the Complaint, and footnote 3 contained therein, Defendants state that the references contained in footnote 3 speak for themselves, and deny the remaining allegations in paragraph 43 of the Complaint.

46.     In response to paragraph 44 of the Complaint, and footnote 4 contained therein, Defendants deny that Retsel Corporation implemented a policy banning Native American persons from the Grand Gateway Hotel and from the Cheers Sports Bar, deny that it offered different rates to non-Native American persons, and state that the post referenced in paragraph 44 speaks for itself.

47.     In response to the allegations in paragraph 45 of the Complaint, and footnote 5 contained therein, Defendants state that the e-mail referenced therein speaks for itself, and therefore no further response is necessary.

48.     In response to the allegations in paragraph 46 of the Complaint, Defendants admit that the Grand Gateway Hotel and the Cheers Sports Bar do not have a policy of discriminating against Native Americans and deny the remaining allegations in paragraph 46 of the Complaint.

49.     Defendants state that the image contained in paragraph 47 of the Complaint speaks for itself, and admit the remaining allegations in paragraph 47 of the Complaint.

50.     Defendants deny the allegations in paragraph 48 of the Complaint.

51.     In response to the allegations in paragraph 49 of the Complaint, Defendants admit that Sunny Red Bear tried to rent a room on March 21, 2022, and that another woman was present with her, and deny the remaining allegations in the Complaint.

52.     In response to the allegations in paragraph 50 of the Complaint, Defendants admit that the hotel began to process Ms. Red Bear's request to rent a room, provided her a price quote, and upon learning that she was a local resident, informed her that the hotel had a policy that it did not rent rooms to persons with local identification, and Defendants deny the remaining allegations in paragraph 50 of the Complaint.

53.     In response to the allegations in paragraph 51 of the Complaint, Defendants admit that no written policy regarding local identification exists, and Defendants deny the remaining allegations in paragraph 51 of the Complaint.

54.     Defendants deny the allegations in paragraph 52 of the Complaint.

55.     In response to the allegations contained in paragraph 53 of the Complaint, Defendants are without sufficient information or belief to either admit or deny whether Plaintiff Red Bear traveled to another hotel, and deny the remaining allegations in paragraph 53 of the Complaint.

56.     Defendants deny the allegations in paragraph 54 of the Complaint.

57.     Defendants deny the allegations in paragraph 55 of the Complaint.

58.     Defendants deny the allegations in paragraph 56 of the Complaint.

59.     Defendants deny the allegations in paragraph 57 of the Complaint.

60.     Defendants admit the allegations in paragraph 58 of the Complaint.

61.     Defendants are without sufficient information and belief to either admit or deny paragraph 59 of the Complaint.

62.     In response to the allegations contained in paragraph 60 of the Complaint, Defendants admit that Connie Uhre was an officer of Retsel Corporation on May 27, 2022, and deny that she was an owner.

63.     In response to the allegations contained in paragraph 61 of the Complaint, Defendants are without sufficient information and belief to either admit or deny whether Plaintiff Red Bear recorded her actions on May 27, 2022, and deny the remaining allegations in paragraph 61 of the Complaint.

64.     Defendants deny the allegations in paragraph 62 of the Complaint.

65.     Defendants deny the allegations in paragraph 63 of the Complaint.

66.     In response to the allegations contained in paragraph 64 of the Complaint, Defendants admit that Connie Uhre sprayed dust spray towards individuals' phones.

67.     Defendants deny the allegations in paragraph 65 of the Complaint.

68.     Defendants deny the allegations in paragraph 66 of the Complaint.

69.     Defendants deny the allegations in paragraph 67 of the Complaint.

70.     Defendants deny the allegations in paragraph 68 of the Complaint.

71.     Defendants deny the allegations in paragraph 69 of the Complaint.

72.     Defendants deny the allegations in paragraph 70 of the Complaint.

73.     Defendants are without sufficient information and belief to either admit or deny the allegations contained in paragraph 71 of the Complaint.

74.     In response to the allegations contained in paragraph 72 of the Complaint, Defendants admit that representatives from NDN Collective were told that the hotel was not renting rooms to anyone.

75.     In response to the allegations contained in paragraph 73 of the Complaint, Defendants admit that a representative from NDN Collective told an employee of Retsel that Expedia showed that rooms were available, and the employee explained that the hotel was not renting rooms to anyone.

76.     Defendants admit the allegations in paragraph 74 of the Complaint.

77.     Defendants admit the allegations in paragraph 75 of the Complaint.

78.     In response to the allegations in paragraph 76 of the Complaint, Defendants admit that Nicholas Uhre asked representatives of NDN Collective to leave the hotel, that he walked representatives of NDN collective to the front door, and Defendants deny that representatives of NDN Collective were intimidated by him.

79.     Defendants deny the allegations in paragraph 77 of the Complaint.

80.     Defendants deny the allegations in paragraph 78 of the Complaint.

81.     Defendants deny the allegations in paragraph 79 of the Complaint.

82.     Defendants deny the allegations in paragraph 80 of the Complaint.

83.     Defendants deny the allegations in paragraph 81 of the Complaint.

## CLASS ACTION ALLEGATIONS

84.     Paragraph 82 of the Complaint states a legal conclusion and characterizes the allegations that Plaintiffs seeks to bring, and therefore no response is necessary, but to the extent that this paragraph states claims against Defendants, those allegations are denied, and Defendants deny that the allegations in the Complaint are suitable for class certification.

85.     Defendants deny the allegations in paragraph 83 of the Complaint.

86.     Paragraph 84 of the Complaint characterizes the class definition that Plaintiffs will seek to certify and therefore no response is necessary but to the extent that this paragraph states claims against Defendants, those allegations are denied, and Defendants deny that the allegations in the Complaint are suitable for class certification.

87.     Paragraph 85 is a statement of Plaintiffs' legal strategy to which no response is necessary but to the extent that this paragraph states claims against Defendants, those allegations are denied, and Defendants deny that the allegations in the Complaint are suitable for class certification.

88.     In response to the allegations in paragraph 86 of the Complaint, Defendants state that it is without sufficient and belief as to the number of Native Americans residing in Penning County, South Dakota, and denies the remaining allegations in paragraph 86 of the Complaint.

89.     Defendants deny the allegations in paragraph 87 of the Complaint.

90.     Defendants deny the allegations in paragraph 88 of the Complaint.

91.     Defendants deny the allegations in paragraph 89 of the Complaint.

92.     Defendants deny the allegations in paragraph 90 of the Complaint.

93.     Defendants deny the allegations in paragraph 91 of the Complaint.

94.     Paragraph 92 is a statement of Plaintiffs' legal strategy to which no response is necessary but to the extent that this paragraph states claims against Defendants, those allegations are denied.

## CLAIMS FOR RELIEF

### Count I:  Violation of 42 U.S.C. § 1981
### Against all Defendants

95.     In response to paragraph 93 of the Complaint, Defendants restate, reallege, and incorporate by reference paragraphs 1 through 94 of their Joint and Separate Answer to Plaintiffs' Second Amended Complaint, Counterclaim, and Demand for Jury Trial.

96.     Paragraph 94 of the Complaint states a legal conclusion to which no response is necessary, and answering further, Defendants state that the statute quoted within paragraph 94 speaks for itself.

97.     Paragraph 95 of the Complaint states a legal conclusion to which no response is necessary, and to the extent that this paragraph seeks to impose obligations on Defendants beyond those required by law, those allegations are denied.

98.     Defendants are without sufficient information to either admit or deny the allegations in paragraph 96 of the Complaint.

99.     Paragraph 97 of the Complaint states a legal conclusion to which no response is necessary, and to the extent that this paragraph states allegations against Defendants, those allegations are denied.

100.    Defendants deny the allegations in paragraph 98 of the Complaint.

101.    Defendants deny the allegations in paragraph 99 of the Complaint.

102.    Defendants deny the allegations in paragraph 100 of the Complaint.

103.    Defendants are without sufficient information and belief to either admit or deny the allegations in paragraph 101 of the Complaint.

104.    Paragraph 102 of the Complaint states a legal conclusion to which no response is necessary, and to the extent that this paragraph seeks to impose obligations on Defendants beyond those required by law, those allegations are denied.

105.    Defendants deny the allegations in paragraph 103 of the Complaint.

106.    Defendants deny the allegations in paragraph 104 of the Complaint.

107.    Defendants deny the allegations in paragraph 105 of the Complaint.

108.    Defendants are without sufficient information and belief to either admit or deny the allegations in paragraph 106 of the Complaint.

109.    Paragraph 107 of the Complaint states a legal conclusion to which no response is necessary, and to the extent that this paragraph seeks to impose obligations on Defendants beyond those required by law, those allegations are denied.

110.    Defendants deny the allegations in paragraph 108 of the Complaint.

111.    Defendants deny the allegations in paragraph 109 of the Complaint.

112.    Defendants deny the allegations in paragraph 110 of the Complaint.

113.    Defendants deny the allegations in paragraph 111 of the Complaint.

114.    Defendants deny the allegations in paragraph 112 of the Complaint.

115.    Defendants deny the allegations in paragraph 113 of the Complaint.

116.    Defendants deny the allegations in paragraph 114 of the Complaint.

117.    Defendants deny the allegations in paragraph 115 of the Complaint.

118.    Defendants deny the allegations in paragraph 116 of the Complaint.

119.    Defendants deny the allegations in paragraph 117 of the Complaint.

120.    Defendants deny the allegations in paragraph 118 of the Complaint.

**Count II:  Declaratory Relief, 28 U.S.C. §§ 2201 and 2202**
**Against all Defendants**

121.    In response to paragraph 119 of the Complaint, Defendants restate, reallege, and incorporate by reference paragraphs 1 through 120 of their Joint and Separate Answer to Plaintiffs' Second Amended Complaint, Counterclaim, and Demand for Jury Trial.

122.    Paragraph 120 of the Complaint characterizes the allegations in Plaintiffs Complaint and therefore no response is necessary.

123.    Defendants deny the allegations in paragraph 121 of the Complaint.

**Count III:  Battery**
**By Sunny Red Bear, individually, against Connie Uhre and Retsel**

124.    In response to paragraph 122 of the Complaint, Defendants restate, reallege, and incorporate by reference paragraphs 1 through 123 of their Joint and Separate Answer to Plaintiffs' Second Amended Complaint, Counterclaim, and Demand for Jury Trial.

125.    Defendants deny the allegations in paragraph 123 of the Complaint.

126.    Defendants deny the allegations in paragraph 124 of the Complaint.

127.    Defendants are without sufficient information to either admit or deny the allegations in paragraph 125 of the Complaint, and to the extent that this paragraph states allegations against Defendants, those allegations are denied.

128.    Defendants deny the allegations in paragraph 126 of the Complaint.

129.    Defendants deny the allegations in paragraph 127 of the Complaint.

**Count IV:  Assault**
**By Sunny Red Bear, individually, against Connie Uhre and Retsel**

130.    In response to paragraph 128 of the Complaint, Defendants restate, reallege, and incorporate by reference paragraphs 1 through 129 of their Joint and Separate Answer to Plaintiffs' Second Amended Complaint, Counterclaim, and Demand for Jury Trial.

131.    Defendants deny the allegations in paragraph 129 of the Complaint.

132.    Defendants deny the allegations in paragraph 130 of the Complaint.

133.    Defendants are without sufficient information to either admit or deny the allegations in paragraph 131 of the Complaint, and to the extent that this paragraph states allegations against Defendants, those allegations are denied.

134.    Defendants deny the allegations in paragraph 132 of the Complaint.

135.    Defendants deny the allegations in paragraph 133 of the Complaint.

**PRAYER FOR RELIEF**

136.    In response to paragraph 134 of the Complaint, and each of its subparts a. through h., Defendants deny that Plaintiffs are entitled to any relief for their causes of action.

## AFFIRMATIVE AND OTHER SELECTED DEFENSES

Defendants assert the following defenses, affirmative or otherwise, in response to the allegations in Plaintiffs' Complaint:

137.   Plaintiffs' claims may be barred, in whole or in part, for lack of standing.

138.   Defendants' decisions at issue in the Complaint were based on factors other than alleged protected class membership or protected characteristics.

139.   Defendants' actions with respect to Plaintiffs were based on legitimate, non-discriminatory reasons.

140.   Some or all of the purported class members failed to sustain any harm or damage or have failed to mitigate any harm or damage sustained.

141.   Social media postings referenced in the Complaint do not reflect the practices or policies of Retsel Corporation.

142.   Some or all Plaintiffs have failed to mitigate, minimize, or avoid their damages.

143.   Plaintiffs have failed to allege conduct that gives rise to a legally actionable claim of discrimination.

144.   The claims asserted in the Complaint are not suitable for conditional class certification.

145.   Plaintiff's claims are barred, in whole or in part, because the claims asserted in the Complaint require an independent and individualized analysis of each purported class member's claims and each of Defendants' defenses to such claims.

146.    Plaintiffs' may be barred because Defendants did not proximately cause their injuries but rather were caused by the actions or omissions of others for whom Defendants are not legally responsible.

147.    Plaintiff's claims are barred, in whole or in part, because the claims asserted in the Complaint are not ripe.

148.    Some or all of Plaintiffs' claims may be barred by the doctrines of waiver, laches, estoppel, failure of consideration, fraud, illegality, release, unclean hands, election of remedies, the business judgment rule, justification, accord and satisfaction, and principals of equity.

149.    Defendants assert that they may have further and additional affirmative and other defenses the nature of which cannot be determined until Defendants have had an opportunity to engage in discovery.  Defendants therefore incorporate all affirmative defenses stated or contemplated by Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein and reserve the right to assert further affirmative or other defenses as discovery and investigation continue.

## COUNTERCLAIMS

Defendants and Counterclaim Plaintiffs Retsel Corporation (Retsel) and Nicholas Uhre (collectively Counterclaim Plaintiffs), for their Counterclaims against Plaintiff and Counterclaim Defendant NDN Collective, assert and claim as follows:

1.    Counterclaim Plaintiffs restate, reassert, and incorporate paragraphs 1 through 149 of the Joint and Separate Answer to Plaintiffs' Second Amended Complaint, Counterclaim, and Demand for Jury Trial.

2.      Hermus Bettelyoun was and is an employee of NDN Collective.

3.      Nicholas Uhre is an owner of Retsel Corporation.

3.      On approximately March 20, 2022, Hermus Bettelyoun caused to be published on his Facebook page an image that appeared to depict Nicholas Uhre as the author of an e-mail that he did not author.

4.      This image has been distributed through other electronic, social media, and web-based platforms.  This media has also included material controlled by Plaintiff Red Bear.

5.      NDN Collective knows that this image falsely represents the authorship of the e-mail.

6.      Hermus Bettelyoun also stated, referring to Retsel, that they were "Klan Members."

7.      Hermus Bettelyoun also stated, referring to Retsel, that individuals viewing Hermus Bettelyoun's Facebook page should flood Retsel and/or Nicholas Uhre's phone lines.

8.      Hermus Bettelyoun also stated, referring to Nicholas Uhre, that individuals viewing Hermus Bettelyoun's Facebook page should flood his e-mail.

9.      Hermus Bettelyoun has not been disciplined by NDN Collective.

10.     NDN Collective is vicariously liable for Hermus Bettelyoun's conduct.

11.     In addition, NDN employees have trespassed on property owned by Retsel Corporation.

12.     This trespass has included, but is not limited to, entering Retsel's property without permission, projecting images onto Retsel's property, and covering illumination devices on Retsel's property, ostensibly for recording images on Retsel's property.

13.     On information and belief NDN Collective's employees, have engaged in or encouraged activity designed to interfere with Retsel's business that extends beyond any First Amendment right to protest, including engaging in intimidating behavior directed to Retsel employees, interacting with and intimidating guests of Retsel, vandalism, and making false statements regarding Retsel Corporation.

14.     In fact, with regard to the projection of an image on a building owned by Retsel, Carrie MiddleTent wrote that it was done by "the Bad NDN's."

15.     NDN Collective has republished images on its website that include an image projected onto property owned by Retsel.

16.     NDN Collective was not granted permission to project images onto Retsel's property.

17.     NDN Collective is vicariously liable for the wrongful conduct of its employees.

18.     As a result of NDN Collective's wrongful conduct, Retsel Corporation and Nick Uhre have suffered damages in an amount to be determined at trial.

### COUNTERCLAIM I – INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS
(by Retsel Corporation against NDN Collective)

19.     Counterclaim Plaintiff Retsel Corporation incorporates the allegations contained in paragraphs 1-18 of the Counterclaims as though fully set forth therein.

20.     Retsel offers services to the public including hotel rooms through Grand Gateway Hotel and services through Cheers Sports Bar and Lounge.

21.     NDN Collective unjustifiably and intentionally interfered with Retsel's business relations and expectancies through the organization and encouragement of its employees and others to engage in the publication of false information, trespass, and interaction with customers and the public.

22.     NDN Collective's interference with Retsel's business relationships and expectancies caused, and continues to cause, injury to Retsel.

### COUNTERCLAIM II – DEFAMATION
(by Retsel Corporation and Nick Uhre against NDN Collective)

23.     Counterclaim Plaintiff Retsel Corporation incorporates the allegations contained in paragraphs 1-22 of the Counterclaims as though fully set forth therein.

24.     Hermus Bettelyoun made malicious, damaging, and false statements about Retsel and Nick Uhre, and published those statements on his social media account.

25.     Hermus Bettelyoun's malicious and false statements have caused Retsel and Nick Uhre harm with regard to their professional reputation and business relations.

26.     NDN Collective is vicariously liable for these statements.

27.     These acts of defamation are the cause of damages suffered by Counterclaim Plaintiffs to be proven at trial.

### COUNTERCLAIM III – TRESPASS
(by Retsel Corporation against NDN Collective)

28.     Counterclaim Plaintiff Retsel Corporation incorporates the allegations contained in paragraphs 1-27 of the Counterclaims as though fully set forth therein.

29.    Retsel maintains possession of its property.

30.    NDN Collective's employees have intentionally entered or otherwise caused other things (including projectable images and illumination devices) to enter onto Retsel's property without Retsel's permission or consent.

31.    NDN Collective is vicariously liable for these actions.

32.    These acts of trespass are the cause of damages suffered by Retsel to be proven at trial.

### COUNTERCLAIM IV – NUISANCE
(by Retsel Corporation against NDN Collective)

33.    Counterclaim Plaintiff Retsel Corporation incorporates the allegations contained in paragraphs 1-32 of the Counterclaims as though fully set forth therein.

34.    South Dakota Codified Laws set forth that a "nuisance consists in unlawfully doing an act, or omitted to perform a duty, which act or omission either:

(1)    Annoys, injures, or endangers the comfort, repose, health, or safety of others;

(2)    Offends decency;

(3)    Unlawfully interferes with, obstructs, or tends to obstruct, or renders dangerous for passage, any lake or navigable river, bay, stream, canal, or basis, or any public park, square, sidewalk, street, or highway;

(4)    In any way renders other persons insecure in life, or in the use of property."

SDCL § 21-10-1.

35.     Retsel maintains an interest in the private use and enjoyment of its property.

35.     The conduct of NDN Collective's employees intentionally and unreasonably invaded Retsel's interests in the use and the enjoyment of the property.

36.     NDN Collective is vicariously liable for these actions.

37.     These acts of nuisance are the cause of damages suffered by Retsel to be proven at trial.

### COUNTERCLAIM V – CIVIL CONSPIRACY – INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS
(by Retsel Corporation against NDN Collective)

38.     Counterclaim Plaintiff Retsel Corporation incorporates the allegations contained in paragraphs 1-37 of the Counterclaims as though fully set forth therein.

39.     To the extent that they acted outside the scope of their employment, NDN's Collective's employees, and unnamed third-party defendants, and NDN Collective, have engaged in conduct with the mutual understanding and intent to commit acts that resulted in injury to Retsel.

40.     To the extent that they acted outside the scope of their employment, NDN's Collective's employees, and unnamed third-party defendants, and NDN Collective, agreed upon a course of action with an unlawful purpose and objective to interfere with Retsel's business relationships and expectancies, including publishing false information about Retsel, trespassing on Retsel's property, and interacting and intimidating Retsel's employees and customers.

41.     These conspiratorial acts to interfere with Retsel's business relationships and expectancies caused, and continues to cause, injury to Retsel.

## THIRD-PARTY COMPLAINT

Defendant and Third-Party Plaintiff Retsel Corporation (Retsel), for its Third-Party Complaint against Third-Party Defendants John Does 1 through 20, Jane Does 1 through 20, and ABC Corporations 1 through 20, assert and claim as follows:

1.     Retsel restates, reasserts, and incorporates paragraphs 1 through 149 of the Joint and Separate Answer to Plaintiffs' Second Amended Complaint, Counterclaim, and Demand for Jury Trial.

2.     Retsel restates, reasserts, and incorporates the allegations contained in paragraphs 1-41 of the Counterclaims as though fully set forth therein.

## THIRD-PARTY CLAIM I – CIVIL CONSPIRACY – INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS
### (by Retsel Corporation)

3.     Retsel restates, reasserts, and incorporates the allegations contained in paragraphs 1-2 of the Third-Party Complaint as though fully set forth therein.

4.     To the extent that they acted outside the scope of their employment, NDN's Collective's employees, and unnamed third-party defendants, and NDN Collective, have engaged in conduct with the mutual understanding and intent to commit acts that resulted in injury to Retsel.

5.     To the extent that they acted outside the scope of their employment, NDN's Collective's employees, and unnamed third-party defendants, and NDN Collective, agreed upon a course of action with an unlawful purpose and objective to interfere with

Retsel's business relationships and expectancies, including publishing false information about Retsel, trespassing on Retsel's property, and interacting and intimidating Retsel's employees and customers.

6.      These conspiratorial acts to interfere with Retsel's business relationships and expectancies caused, and continues to cause, injury to Retsel.

WHEREFORE, Defendants, Counterclaim Plaintiffs, and Third-Party Plaintiff request that this Court enter judgment in their favor and against Plaintiffs and Third-Party Defendants as follows:

1.      Dismissal of Plaintiffs' First Amended Class Action Complaint with prejudice and on the merits;

2.      Awarding Defendants,Counterclaim Plaintiffs, and Third-Party Plaintiff their damages incurred herein;

3.      Awarding Defendants their costs, disbursements, and attorney fees;

4.      Injunctive relief enjoining the Counterclaim and Third-Party Defendants from certain improper activity, including defamatory statements, continuing publication of false statements, trespass, nuisance, and publication of torts committed against the Counterclaim Plaintiffs; and

5.      Such further relief as the Court deems just, proper and equitable.

Dated:  August 17, 2022

_____
Bradley J. Lindeman (SD Bar #2817)
Meagher + Geer, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN  55402
Telephone:  612.338.0661
Facsimile:  612.338.8384
blindeman@meagher.com

***Attorneys for Defendants***

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all issues triable to a jury.


Dated: August 17, 2022

_____
Bradley J. Lindeman (SD Bar #2817)


15398612.1