UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| NDN Collective, individually and on behalf of all others similarly situated, and SUNNY RED BEAR, individually and on behalf of all others similarly situated,<br>    Plaintiffs<br><br>vs.<br><br>RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL, and d/b/a CHEERS SPORTS LOUNGE AND CASINO, CONNIE UHRE, and NICHOLAS UHRE,<br>    Defendants<br><br>and<br><br>RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO,<br>    Third-Party Plaintiff,<br><br>vs.<br><br>JOHN DOES 1 through 20, JANE DOES 1 through 20, and ABC CORPORATIONS 1 through 20 | 5:22-cv-5027<br><br>MEMORANDUM AND ORDER GRANTING MOTION TO FILE THIRD AMENDED COMPLAINT |

Pending before the court is Plaintiffs' motion for leave to file a third amended complaint. (Doc. 58). Defendants oppose the motion. (Doc. 61). Plaintiffs have replied. (Doc. 62).

## BACKGROUND

In their first amended complaint, Plaintiffs alleged discrimination by employees of Retsel Corporation in violation of 42 U.S.C. § 1981, and sought class action status, declaratory and injunctive relief, compensatory and punitive damages, and other appropriate relief. (Doc. 4). Plaintiffs' second amended complaint repeated the claims and added claims for assault and battery. (Doc. 17). All claims arise out of Defendants' alleged discrimination against Plaintiffs on the basis of race in connection with access to and the rental of rooms from the Grand Gateway Hotel and Cheers Bar, Rapid City, S.D. Defendants denied Plaintiffs' allegations and filed a counterclaim alleging intentional interference with business relations, defamation, trespass, nuisance, and civil conspiracy against Plaintiff NDN Collective. (Doc. 18).

Plaintiffs now seek to add four plaintiffs by name instead of including them solely as "NDN Collective." (Doc. 58-1, 59). Plaintiffs confirm that they do not add counts, claims, legal theories, or new issues. (Doc. 59, PgID 591). Plaintiffs further assert that the deadline to amend parties with respect to the claims for declaratory and injunctive relief has not passed, although arguably it has passed

with respect to the claims for damages. (Id., PgID 594). Defendants resist the motion, arguing that they would be prejudiced because, if the motion is granted, they will have to engage in additional discovery prior to the December 2023 deadline. (Doc. 61, PgID 600). Defendants also argue Plaintiffs have delayed in moving to amend, and they request an amendment to the scheduling order to allow for additional discovery if the motion is granted. (Id.).

**LEGAL STANDARD**

A party who moves to amend the pleadings prior to trial may amend with leave of court, and the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). See *Rivera v. Bank of America*, 993 F. 3d 1046, 1051 (8th Cir. 2021) (quoting standard); *Roeman v. United States*, 2021 WL 2351684, *2 (D.S.D. 2021). In the Eighth Circuit, however, if a party seeks to amend a pleading and is outside the scheduling order's deadline for amendment, the party must comply with the standard of Fed. R. Civ. P. 16, which provides as follows: "Modifying a Schedule. A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). As the court explained in *Sherman v. Winco Fireworks, Inc.*, "the party must show cause to modify the schedule" and meeting the good cause standard "is not optional." 532 F.3d 709, 716 (8th Cir. 2008) (citing *Popoalii v. Corr. Med. Servs.*, 512 F. 3d 488, 497 (8th Cir. 2008)). The *Sherman* court further explained that the "primary measure of

3

good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." *Id.* (quoting *Rahn v. Hawkins*, 464 F. 3d 813, 822 (8th Cir. 2006) (overruled on other grounds)). See also *Albright as Next Friend of Doe v. Mountain Home School District*, 926 F.3d 942, 951 (8th Cir. 2019) (discussing requirement to comply with deadlines).

Apart from potential disruption of the scheduling order, courts have examined additional factors that should inform the decision whether to grant leave to amend. As the Eighth Circuit has explained, "The classic 'good reasons' for rejecting an amendment are: 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment....'" *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir 2000) (quoting *Thompson–El v. Jones*, 876 F.2d 66, 67 (8th Cir.1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). See also *Bell v. Allstate Life Ins. Co.*, 160 F.2d 452, 454 (8th Cir.1998); *Yankton Sioux Tribe v. U.S. Army Corps of Engineers*, 497 F.Supp.2d 985, 987 (D.S.D. 2007).

**ANALYSIS**

1. Good cause

Plaintiffs argue they need not satisfy the good cause standard with respect to the equitable claims because the deadline for amendment has not passed; therefore,

the Court should grant leave to amend under F.R.C.P. 15's liberal standard without severing the legal and equitable claims. They further argue they satisfy the good cause standard with respect to both the legal and equitable claims if the Court applies that standard. F.R.C.P.16.

The motion to amend was made in a timely fashion for the equitable claims and beyond the deadline if the claims are severed. The schedule for trial, set for over six months from now, is unaffected. As the Eighth Circuit has stated, "Delay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown." *Bediako v. Stein Mart*, 354 F.3d 835, 841 (8th Cir. 2004) (quoting *Bell,* 160 F.3d at 454). See also *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000); *Yankton Sioux Tribe*, 497 F.Supp.2d at 988. Such prejudice was shown in *Thompson-El*, where the motion to amend was filed two weeks before trial was to start, and added claims, defendants, and damages, making it impossible to proceed without additional discovery and a minimum two-month trial delay. 876 F.2d at 68.

The Court notes that the Parties have been diligent in complying with all scheduling orders and that the Court has been willing to adjust the schedule when appropriate. See, e.g., Doc. 55, 57. The Court is unaware of any tactics involved in discovery that either party has employed to disrupt the process. Thus, Plaintiffs appear to satisfy the concerns revolving around scheduling orders articulated by

*Sherman*. The Court finds that the accurate determination of the issues in the case satisfies the good cause standard and proceeds to address the additional factors that would warrant denial of the motion to amend, including possible bad faith or dilatory motive, futility of the amendment, prejudice to the opponent, failure to cure deficiencies, or other germane factors. *Popp,* 210 F.3d at 943.

2. Additional factors

    a. Bad faith or effort to delay

Defendants object to the approval of a third amended complaint, arguing Plaintiffs had the information concerning the additional parties when they filed the lawsuit and chose not to include them as individuals but only as part of NDN Collective. Defendants also argue they are prejudiced by the delay because they will have to engage in "extensive additional discovery" within a relatively short time frame. (Doc. 61, PgID 604-05).

There is no evidence that Plaintiff is pursuing the amendment in bad faith or is attempting to delay trial. Plaintiff's position is that the timing of the amendment and any resulting discovery will be such that trial can proceed as scheduled. (Doc. 59, PgID 595). Plaintiffs' proposed amendment to name parties instead of having them included as "NDN Collective" should pose little difficulty in arranging for depositions and any relevant discovery, as their identities have been known to Defendants. (Doc. 59, PgID 589). There is no indication Plaintiff considered filing

the motion earlier and purposely delayed. *Cheval International v. Smartpak Equine, LLC*, 2017 WL 1025801, *4 (D.S.D. 2017). The Court finds there is no evidence of bad faith or an effort to delay the proceedings that would warrant denying the motion to amend. The Court further finds the amendment is in the interest of justice.

b. Futility

The test for futility is whether any claim offered by way of amendment can survive a motion under Fed. R. Civ. P.12(b)(6). Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must assume all facts alleged in the complaint are true. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). See also *Yankton Sioux Tribe v. U.S. Dept. of Health & Human Services*, 496 F. Supp. 2d 1044 (D.S.D. 2007); *Broin and Associates, Inc. v. Genencor Intern., Inc.*, 232 F.R.D. 335, 338 (D.S.D. 2005

Plaintiffs' existing claims are not affected by the motion to amend, which seeks to name parties previously included within "NDN Collective." The Court discerns no possible futility of the amendment.

c. Prejudice

Factors that can establish prejudice in the context of a motion to amend include "re-opening discovery with additional costs, a significant postponement of

7

the trial, and a likely major alteration in trial tactics and strategy." *Roemen*, 2021 WL 2351684, *6 (quoting *Kozlov v. Assoc. Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016)).

In this case, additional discovery may be appropriate and can be addressed if needed. Postponement of trial is not anticipated, as indicated above. Trial strategy is unlikely to be altered significantly. There is no indication from Defendants of specific harm to their case, as might be the situation if witnesses or evidence would become unavailable.

d. Other Considerations

The case before the Court is unlike cases where denial of the motion to amend has been deemed appropriate. Thus, Plaintiffs have not previously failed to cure any deficiencies, as none have been the subject of an order from this Court. *Popp*, 210 F.3d at 983. Plaintiffs have not attempted to amend claims that have been dismissed. *Yankton Sioux Tribe*, 497 F.Supp.2d at 988. Plaintiffs have provided a rationale for the motion to amend and have provided a proposed complaint. *Rivera*, 993 F.3d at 1051 (citing *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 805 (8th Cir. 2006)). This is not a post-judgment effort to obtain relief from judgment. *Peterson v. The Travelers Indemnity Company*, 867 F.3d 992, 997 (8th Cir. 2017).

**CONCLUSION**

The Court finds the amendment proposed is in the interest of justice and further that Plaintiffs meet the standard of good cause to amend the complaint. The amendment does not appear futile. Defendants will not be unfairly prejudiced if the amendment is permitted. It is not anticipated that amendment will disrupt the existing schedule, and there is no indication of bad faith or dilatory tactics on Plaintiffs' part. The Parties have moved for scheduling modifications as needed and the Court expects that to continue.

Accordingly, IT IS ORDERED that

1. Plaintiff's motion for leave to amend the Complaint is granted;

2. The amended complaint will be filed one week after entry of this Order.

Dated this 2nd day of January, 2024.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

*[signature]*