UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| NDN COLLECTIVE, individually and on behalf of all others similarly situated, SUNNY RED BEAR, individually and on behalf of all others similarly situated, ALBERTA EAGLE, individually and on behalf of all others similarly situated, NICK COTTIER, individually and on behalf of all others similarly situated, BRE JACKSON, individually and on behalf of all others similarly situated, MARY BOWMAN, individually and on behalf of all others similarly situated, and GEORGE BETTELYOUN, individually and on behalf of all others similarly situated, | 5:22-cv-5027 |
| Plaintiffs | MEMORANDUM AND ORDER DENYING MOTION TO RECONSIDER AND GRANTING MOTION TO AMEND COUNTERCLAIMS |
| vs. | |
| RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO, CONNIE UHRE, and NICHOLAS UHRE, | |
| Defendants | |
| and | |
| RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO, | |
| Third-Party Plaintiffs | |

1

vs.

JOHN DOES 1 through 20, JANE DOES
1 through 20, and ABC CORPORATIONS
1 through 20,

        Third-Party Defendants

---

Pending before the Court is Defendant Retsel Corporation's motion to reconsider the order dismissing its counterclaims and, in the alternative, a motion to amend the counterclaims. (Doc. 94). Plaintiffs oppose the motions. (Doc. 104). Defendant has replied. (Doc. 121). For the following reasons, the Court denies the motion to reconsider and grants the motion to amend the counterclaims.

Also pending before the Court is Plaintiffs' motion to delay the trial for one week, (Doc. 103), which Defendants have indicated they do not oppose. (Doc. 119). The Court is unable to accommodate the request but is willing to move the trial ahead by one week.

## BACKGROUND

Plaintiff NDN Collective is a non-profit organization with a mission that includes "educating, funding, and organizing those engaged in Native American issues." (Doc. 84, PgID 998). To accomplish its goals, the organization "makes regular use of public accommodations in Rapid City, including hotels." (Id.). Plaintiffs Sunny Red Bear, Nick Cottier, Mary Bowman, Alberta Eagle, and Bre

2

Jackson are Native Americans who reside in Rapid City, South Dakota. Plaintiff George Bettelyoun is a Native American who resides in Coon Rapids, Minnesota. (Id.). The Defendant Retsel Corporation does business in Rapid City, SD, as the Grand Gateway Hotel and Cheers Sports Lounge and Casino. Defendants Connie Uhre and Nicholas Uhre operate the hotel and lounge. (Id.). Nicholas Uhre is a director of Retsel. (Doc. 26, PgID 235).

The Third Amended Complaint alleges that George Bettelyoun attempted to rent a room at Defendants' hotel in June 2020, and that he and Defendant Nicholas Uhre argued when the Defendants' employee allegedly required a damage deposit, which Plaintiff Bettelyoun challenged. Eventually the Defendant began recording the encounter and allegedly yelled so close to Bettelyoun that the latter could feel spit hitting his face. (Doc. 84, PgID 1001-02). The Complaint further alleges that approximately two years later, in March 2022, Defendant Connie Uhre allegedly posted on social media that she would "not allow a Native American to enter our business including Cheers" because she could not tell "who is a bad Native or a good Native." (Id., PgID 1005-06). Plaintiffs allege Defendants made additional comments, stationed guards at the hotel, and refused to rent a hotel room to Sunny Red Bear on March 21, 2022. (Id., PgID 1008). Plaintiffs NDN Collective allegedly attempted to rent rooms at Defendants' hotel on March 22, 2022, and the request was refused. On May 27, 2022, when Sunny Red Bear was present while a

group was protesting at the Defendants' hotel, Defendant Connie Uhre allegedly sprayed dust spray into Red Bear's face. (Id., PgID 1010).

Plaintiffs subsequently filed this lawsuit alleging interference with contract on the basis of race in violation of 42 U.S.C. § 1981 on behalf of all Plaintiffs; seeking a declaratory judgment that Defendants' actions violated the Civil Rights Act, 42 U.S.C. § 1981; and filing claims by Sunny Red Bear alleging battery and assault against Connie Uhre and Retsel.

Defendants filed an answer to the original complaint and counterclaimed, alleging counts of intentional interference with business relations, defamation, trespass, nuisance, and civil conspiracy. (Doc. 18). Pursuant to F.R.C.P. 12(b)(6), this Court dismissed all counterclaims except the nuisance claim as it related to intimidation of hotel employees or guests to the extent the conduct exceeded Plaintiffs' exercise of their First Amendment right to protest at the hotel and lounge. (Doc. 76).

Defendants' motion for reconsideration and, in the alternative, for leave to file an amended counterclaim includes a proposed amended counterclaim in accordance with LR 15.1. The proposed amended counterclaim includes considerably more detail than the initial counterclaim the Court dismissed. (Doc. 94-1). Because of the revisions to the proposed amended counterclaim, the Court

finds it is in the interest of justice to allow the amendments and grants the motion

to amend.

## LEGAL STANDARD

1. Motion to reconsider

Rule 54(b) of the Rules of Federal Civil Procedure provides in pertinent part

the following:

> [A]ny order or other decision, however designated, that adjudicates fewer
> than all the claims or the rights and liabilities of fewer than all the parties
> does not end the action as to any of the claims or parties and may be revised
> at any time before the entry of a judgment adjudicating all the claims and all
> the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

The standard for granting a motion to reconsider is not clearly defined,

although as a general proposition a court may amend or reconsider any ruling

under Rule 54(b) to correct any "clearly" or "manifestly" erroneous facts or

conclusions of law. *Flandreau Santee Sioux Tribe v. United States*, 610 F. Supp.3d

1225, 1234 (D.S.D. 2022) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d

407, 414 (8th Cir. 1988)). A motion pursuant to Rule 54(b) is not "a vehicle to

identify facts or legal arguments that could have been, but were not raised at the

time the relevant motion was pending." *Julianello v. K-V-Pharm. Co.,* 791 F.3d

915, 923 (8th Cir. 2015).

5

2. Motion to amend the complaint

A party who moves to amend the pleadings prior to trial may amend with leave of court, and the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).   See *Rivera v. Bank of America*, 993 F. 3d 1046, 1051 (8th Cir. 2021) (quoting standard); *Roeman v. United States*, 2021 WL 2351684, *2 (D.S.D. 2021).   In addition to permitting amendment based on evidence obtained during discovery, courts may permit amendment when the importance of evidence is clarified during discovery.   See *Arkansas Labeling, Inc. v. Proctor*, 2021 WL 4037575, *3 (E.D. Ark, Sept. 3, 2021) (finding good cause for late amendment under Rule 16 based on evidence from deposition).   In the Eighth Circuit, however, if a party seeks to amend a pleading and is outside the scheduling order's deadline for amendment, the party must comply with the standard of Fed. R. Civ. P. 16, which provides as follows: "Modifying a Schedule.  A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4).  As the court explained in *Sherman v. Winco Fireworks, Inc.*, "the party must show cause to modify the schedule" and meeting the good cause standard "is not optional." 532 F.3d 709, 716 (8th Cir. 2008) (citing *Popoalii v. Corr. Med. Servs.*, 512 F. 3d 488, 497 (8th Cir. 2008)).  The *Sherman* court further explained that the "primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." *Id.* (quoting *Rahn v. Hawkins*, 464 F. 3d

6

813, 822 (8th Cir. 2006) (overruled on other grounds)).  See also *Albright as Next Friend of Doe v. Mountain Home School District*, 926 F.3d 942, 951 (8th Cir. 2019) (discussing requirement to comply with deadlines).

Apart from potential disruption of the scheduling order, courts have examined additional factors that should inform the decision whether to grant leave to amend.  As the Eighth Circuit has explained, "The classic 'good reasons' for rejecting an amendment are: 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment....'" *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir 2000) (quoting *Thompson–El v. Jones,* 876 F.2d 66, 67 (8th Cir.1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). See also *Bell v. Allstate Life Ins. Co.*, 160 F.2d 452, 454 (8th Cir.1998); *Yankton Sioux Tribe v. U.S. Army Corps of Engineers*, 497 F.Supp.2d 985, 987 (D.S.D. 2007).   For example, in *Thompson-El*, the motion to amend was filed two weeks before trial was to start, and added claims, defendants, and damages, making it impossible to proceed without additional discovery and a minimum two-month trial delay.  876 F.2d at 68.  Denial of the motion to amend, therefore, was proper.

**ANALYSIS**

1. Motion for reconsideration

The Court acknowledges the standard for reconsideration is not specifically defined.  The Court has considered whether clearly erroneous facts or legal standards were the basis for the Court's dismissal of several of Defendants' counterclaims.  The Court finds that standard has not been met and denies the motion for reconsideration.

2.    Motion to amend

a. Procedural issues

The Court will explain in some detail the relevant procedural issues that have arisen in this case, which was reassigned to this Court approximately nine months after it had been filed.  The case at bar proceeded in a parallel track with *United States v. Retsel, et al*, 5:22-cv-5086, which involved the same basic allegations as the Plaintiff raised in this case. The Parties agreed to consolidate the two cases for discovery, (Doc. 33, 41), and discovery proceeded with that understanding until this Court approved a consent decree between the United States and the Retsel Defendants on November 29, 2023, (5:22-cv-5086, Doc. 59). During that time, several joint motions for amended scheduling orders were approved by the Court.  The most recent joint motion for an amended scheduling order was filed on February 14, 2024. It requested additional time for discovery,

8

proposing that discovery close on June 1, 2024, with dispositive motions due by August 1, 2024, and trial to remain scheduled for an unspecified date in Fall 2024. (Doc. 87).

In response, the Court issued an order granting in part and denying in part the Parties' motion. (Doc. 90). The Court set the trial date as September 16, 2024, with discovery to close on May 1, 2024, and motions due by May 22, 2024. Two weeks later, Defendants moved for reconsideration of the order dismissing the counterclaims, or in the alternative for leave to file an amended complaint. The motion to amend should have been filed by September 14, 2023. (Doc. 46). Plaintiffs resisted. (Doc. 104). Both Parties also filed several motions to compel, (Doc. 95, 99, 108), and a motion by Plaintiffs to continue the trial for one week. (Doc. 103).

The Court is cognizant of the fact that the Parties proceeded with discovery with the counterclaims pending for approximately sixteen months before the Court dismissed several of the counterclaims. The dismissal was approximately four months prior to Defendants' filing the motion to amend. That is relevant because while discovery was ongoing, the Parties had to have assumed the counterclaims would not be dismissed and would have had to fashion their discovery anticipating the counterclaims would proceed to trial. Therefore, only a four-month period

existed when Plaintiffs' counsel may not have conducted discovery to the same extent they would have with the counterclaims pending.

The Court notes that Defendants have objected to Plaintiffs' motion to amend their complaint, although the motion to amend was filed within the timeframe set by the applicable scheduling orders. (Doc. 61). The Court also notes that Defendants could have filed the motion for reconsideration and to amend the counterclaims approximately four months before doing so. Nevertheless, the Court has determined that it is in the interest of justice to allow all of the counterclaims, and not solely the nuisance claim, to be pleaded. Therefore, the Court will amend the scheduling order to provide that discovery will close on June 1, 2024, and dispositive motions will be due by July 15, 2024.

Plaintiffs requested a one-week delay in trial. (Doc. 103). Defendants do not object. (Doc. 119). The Court is unable to accommodate Plaintiffs' request but is willing to move the trial to a week earlier than scheduled, that is, on September 9, 2024. The Court has scheduled September 9 as an alternative date for trial to begin.

b. Substantive matters regarding motion to amend the counterclaims

(1) Good cause

Defendants argue they satisfy the good cause standard because the amendments they seek are based on information gleaned during discovery, which Plaintiffs dispute.

At the threshold of the analysis, the Court notes that apart from the motion to amend the counterclaims, the Parties have been diligent in complying with all scheduling orders and have made joint or unopposed motions to amend them. (Doc. 41, 55). The Court is unaware of any tactics involved in discovery that either Party has employed to disrupt the process, although the Court recognizes the pendency of several motions to compel. The Parties have made an effort to mediate their dispute. Thus, Defendants appear to satisfy some of the concerns revolving around scheduling orders articulated by *Sherman*.

Defendants' motion to amend is problematic, however. It was made six months after the time to amend expired and four months after the Court dismissed the majority of the counterclaims. The Court views this as a significant delay. Defendants claim they learned of additional information in discovery to support the counterclaims. (Doc. 92, PgID 1109-10; Doc. 121, PgID 1658). Plaintiffs counter that Defendants had the information at issue from the time the litigation arose. (Doc. 104). The Court agrees that much of the information Defendants seek to add to the counterclaims was available early in the litigation but also accepts

11

Defendants' averment that they learned additional information during discovery. The Court agrees that it would have been inefficient to move to amend the pleadings with each bit of additional information learned during discovery. What is much more compelling in the context of the motion to amend is the information supplied to support the dismissed counterclaims. For example, a vague claim of "vandalism" is now supported by allegations of rocks thrown through windows, and spray-painting graffiti on Defendants' property. (Doc. 94-1). Interference with business relations is supported with an allegation of a specific organization cancelling reservations as a result of interference from an employee of NDN. (Id.). Whether these allegations will be proved at trial is not the question at this stage of the proceedings. The question is whether the claims may proceed. The Court determines that the interests of justice require granting the motion to amend the counterclaims, even at this stage of the proceedings.

Because the Court accepts that Defendants learned pertinent information during discovery the good cause standard is met. Therefore, it is necessary to address the additional factors that would warrant denial of the motion to amend, including possible bad faith or dilatory motive, futility of the amendment, prejudice to the opponent, failure to cure deficiencies, or other germane factors. *Popp*, 210 F.3d at 943.

(2)  Additional factors

(a)  Bad faith or effort to delay

There is no evidence that Defendants are pursuing the amendment in bad faith.  Defendants apparently considered filing the motion earlier but did not do so because amendments would have been made piecemeal.  It does not appear Defendants purposely delayed to disrupt the process.  *Cheval International v. Smartpak Equine, LLC*, 2017 WL 1025801, *4 (D.S.D. 2017).

(b)  Futility

The test for futility is whether the claim offered by way of amendment can survive a motion under Fed. R. Civ. P.12(b)(6). Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must assume all facts alleged in the complaint are true.  *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).  See also *Yankton Sioux Tribe v. U.S. Dept. of Health & Human Services*, 496 F. Supp. 2d 1044 (D.S.D. 2007); *Broin and Associates, Inc. v. Genencor Intern., Inc.*, 232 F.R.D. 335, 338 (D.S.D. 2005).  The complaint should be dismissed only if "it asserts clearly frivolous claims or defenses."  *Roemen*, 2021 WL 2351684, *7 (quoting *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999)).

At this stage, Plaintiff is not required to prove his case by a preponderance and is required only to plead enough to survive the Fed. R. Civ. P. 12(b)(6) standard. Plaintiff has met that burden with the additional information supplied in its proposed amended complaint. (Doc. 94-1).

(c) Prejudice

Factors that can establish prejudice in the context of a motion to amend include "re-opening discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy." *Roemen*, 2021 WL 2351684, *6 (quoting *Kozlov v. Assoc. Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016)). In this case, there may be limited re-opening of discovery to address issues the Parties may not have explored sufficiently. Trial strategy is likely to be altered significantly. On the other hand, there is no indication of specific harm to Plaintiffs' case, as might be the situation if witnesses or evidence would become unavailable. The Parties have been aware of the potential witnesses and much of the factual material in the case from its inception. Trial will proceed as scheduled.

(d) Other considerations

The case before the Court is unlike cases where denial of the motion to amend has been deemed appropriate. Thus, Defendants have not previously failed to cure any deficiencies, as none have been the subject of an order from this Court.

*Popp*, 210 F.3d at 983.  While Defendants have moved to revive claims previously dismissed, they have provided a rationale for the motion to amend and supplied proposed amended counterclaims.  *Rivera,* 993 F.3d at 1051 (citing *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 805 (8th Cir. 2006)).  This is not a post-judgment effort to obtain relief from judgment.  *Peterson v. The Travelers Indemnity Company*, 867 F.3d 992, 997 (8th Cir. 2017).

## CONCLUSION

The interests of justice dictate that the Court grant Defendants' motion to amend the counterclaims.  The Court recognizes the motion to amend falls outside the time set in the scheduling order.  The Court finds the motion complies with the good cause standard and is not made for an improper purpose such as delay.  The trial date remains in place and with the adjustments the Court has made to the deadlines in the schedule, the Parties have sufficient time to complete discovery and prepare for trial.

The Court is unable to accommodate Plaintiffs' request for a one-week delay of trial. The Court is willing to move the trial date to a week earlier, September 9, 2024.  If that date is not possible for the Parties, the Court will hold a scheduling conference.

Accordingly, IT IS ORDERED that:

1. Defendants' motion for reconsideration of the dismissal of the counterclaims is denied and, in the alternative, the motion to amend the counterclaims is granted, (Doc. 94);

2. Plaintiffs' motion for a one-week delay in trial is denied, but as an alternative, trial can be moved ahead to September 9, 2024, (Doc. 103, 119).

Dated this 30th day of April, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

16