UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| NDN COLLECTIVE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; SUNNY RED BEAR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; GEORGE BETTELYOUN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; ALBERTA EAGLE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; NICK COTTIER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; BRE JACKSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; AND MARY BOWMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED;<br><br>           Plaintiffs,<br><br>vs.<br><br>RETSEL CORPORATION, CONNIE UHRE, NICHOLAS UHRE,<br><br>           Defendants. | 5:22-CV-05027-LLP<br><br><br><br><br><br>ORDER |

A discovery dispute is before the court where the Defendants move to compel production of information and documents withheld by the Plaintiffs. (Doc. 99). The Defendants seeks attorney's fees and expenses as recompense for bringing the motion. Id. The district court, the Honorable Lawrence L. Piersol, referred the motion to this magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Doc. 120).

## DISCUSSION

### A. Discovery

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery in civil cases pending in federal court:

> Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

See FED. R. CIV. P. 26(b)(1). The court will limit the extent of discovery if it determines the discovery is unreasonably duplicative, cumulative, can be obtained from a more convenient source, or if the expense or burden of discovery outweighs its benefit. FED. R. CIV. P. 26(b)(2)(C).

If a party fails to respond to a proper request for discovery, or if an evasive or incomplete response is made, the party requesting the discovery has a right to move for a motion compelling disclosure after making a good-faith effort to resolve the dispute by conferring first with the other party. See FED. R. CIV. P. 37(a). The moving party "must make a threshold showing that the requested information falls within the scope of discovery under Rule 26(b)(1)." Sprint Comm. Co. L.P. v. Crow Creek Sioux Tribal Ct., 316 F.R.D. 254, 263–64 (D.S.D. 2016) (citing Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992)). It then becomes the burden of the party resisting discovery to convince

the court that "the discovery is irrelevant or disproportional." Id. (citations omitted); see Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton, 136 F.R.D. 682, 684–85 (D.Kan. 1991) ("All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden."). The articulation of mere conclusory objections that something is "overly broad, burdensome, or oppressive," is insufficient to carry the resisting party's burden—that party must make a specific showing of reasons why the relevant discovery should not be had. Cincinnati Ins. Co. v. Fine Home Managers, Inc., 2010 WL 2990118, at *1 (E.D.Mo. July 27, 2010). If the court determines the requests to be outside the scope allowed by Rule 26(b)(1), it must fashion appropriate limits. FED. R. CIV. P. 26(b)(2)(C)(iii).

What is relevant for discovery "is broader than what is admissible at trial; information sought in discovery need only be 'reasonably calculated to lead to the discovery of admissible evidence.'" Pearson v. Royal Canin USA, Inc., 4:22-cv-04018, 2023 WL 5916437, at *3 (D.S.D. Sept. 11, 2023) (quoting Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC, 784 F.3d 1183, 1198 (8th Cir. 2015)). The reason for the broad scope of discovery is that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." See 8 Charles A. Wright &

Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2007 (3d ed. Oct. 2020 update) (quoting Hickman v. Taylor, 329 U.S. 495, 507-08 (1947)).

Determining whether requested discovery is proportional to the needs of the case is a fact-intensive inquiry that considers:

1) the amount in controversy,
2) the parties' relative access to relevant information,
3) the parties' resources,
4) the importance of the discovery in resolving the issues,
5) whether the burden or expense of the proposed discovery outweighs its likely benefit.

See id. at *3 (quoting FED. R. CIV. P. 26(b)(1)). It is defendant's burden to demonstrate how the requested discovery is disproportionate to the needs of the case. Penford Corp. v. National Union Fire Ins. Co., 265 F.R.D. 430, 433 (N.D. Iowa 2009). The articulation of mere conclusory objections that something is disproportionate is insufficient to carry the resisting party's burden—that party must make a specific showing of reasons why the relevant discovery should not be had. Cincinnati Ins. Co. v. Fine Home Managers, Inc., 2010 WL 2990118, *1 (E.D. Mo. 2010); Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 593 (W.D.N.Y. 1996).

### B. The Disputed Discovery

Defendants "respectfully move this Court to compel Plaintiff NDN Collective to produce (1) a list of its employees since 2020, or documents reflecting its employees since 2020; and (2) its financial statements and general ledger reflecting its financial transactions since 2020." (Doc. 99, p. 2). The court will discuss each in turn.

4

### 1. Request for Employee Information

#### a. Meet and Confer

A prerequisite to moving to compel discovery is the filing of "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). Similarly, under the District of South Dakota local rule 37.1, "[a] party filing a motion concerning a discovery dispute must file a separate certification describing the good faith efforts of the parties to resolve the dispute." D.S.D. Civ. LR 37.1.

The certification mentioned in FED. R. CIV. P. 37 must include "the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any." Shuffle Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 170-171 (D. Nev. 1996). "Good faith" requires that the parties made a genuine attempt to resolve the discovery dispute without involving the court. Id. Finally, "conferment" requires the parties "to have had an actual meeting or conference." Id. Thus, before making a motion to compel, "a moving party must personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." Id.

The parties do not dispute that there were several meet-and-confer conferences held to discuss the various discovery issues at hand. (Docs. 100,

117). The Defendants filed a certificate stating that Defendants' Counsel met and conferred in good faith with Plaintiffs' Counsel. (Doc. 102). Plaintiffs argue the motion is untimely because

> Despite asserting a nuisance claim in August of 2022 (Doc. 18) and therefore knowing that it would be required to identify individuals who allegedly caused a nuisance, Defendants waited more than 16 months to even begin meet and confer efforts (Doc. 118-2) and more than 20 months to move to compel on this request. (Doc. 99).

(Doc. 117, p. 9) (internal citations modified). The Plaintiffs argue the delay causes them a substantial injustice, specifically they state:

> Compelling production of voluminous employee documents at this late stage of litigaiton [sic] would create a substantial injustice by (1) diverting party resources to irrelevant discovery rather than dispositive motions and trial preparation, and (2) to the extent that Retsel claims to newly identify anyone who allegedly caused a nuisance, doing so after the close of discovery would deprive NDN Collective of a chance to explore in discovery or depositions the basis for Retsel's allegations prior to trial.

Id. at pp. 9-10.

Under the Court's scheduling order, "[m]otions to compel discovery should be filed within 14 days after the subject matter of the motion arises, unless a longer period is necessitated for complying with the meet-and-confer requirements of Rule 37(a)(1)[.]" (Doc. 14, p. 2). "If an undue delay has been caused by the moving party, the court may reject a motion to compel as untimely." Davis v. Crescent Elec. Co., 5:12-CV-05008-LLP, 2016 WL 1625291, at *1 (D.S.D. Apr. 21, 2016) (citing Gault v. Nabisco Biscuit Co., 184 F.R.D. 620, 622 (D. Nev. 1999)). "If such delay results in substantial injustice to the nonmoving party, 'the court may hold that the requesting party has

waived the right to compel response and disclosure.'" Id. (quoting Gault, 184 F.R.D. at 622).

The court finds Defendants' motion to be untimely as more than 14 days passed after the subject matter of the motion arose. However, this delay will not result in substantial injustice to the Plaintiffs. Therefore, the court will consider the merits of the motion.

### b. Request

On June 1, 2022, Defendants served a Request for Production on Plaintiff, and Plaintiffs responded on July 15, 2022. The request states:

> All documents that reflect your organizational structure(s) from January 1, 2020[,] through the present, including a list of the names of employees and the position(s) that they have held

(Doc. 101-2, p. 4). The Plaintiffs' response states:

> To the extent this Request seeks documents going back years, seeks "all" documents reflecting its organizational structure, and seeks a list of every past and current employee with a catalogue of job positions, NDN Collective objects to this Request as overly broad, unduly burdensome, and irrelevant to the claims and defenses in this action. NDN Collective will produce its current organizational chart.

Id.

The court finds that the requested discovery for employee information is not privileged and is relevant to Defendant's counterclaim for nuisance. The burden now shifts to Plaintiffs to show that this request is overly broad, burdensome, or oppressive.

Plaintiffs assert they "produced two organizational charts showing employees' names and their supervisors, including the organizational chart in

7

place in March of 2022." (Doc. 117, p. 4; see Docs 101-3, 101-4). Plaintiffs argue the charts include all of NDN Collective's employees. Id. Defendants assert the "charts are not sufficient to comply with Defendants' request because they do not list any dates of employment, or even the effective date of each chart [and] . . . do not list all of NDN Collective's employees[.]" (Doc. 100, p. 12).

The organizational charts provided by the Plaintiffs include a list of the names of employees and the position(s) they held. The chart does not state the employee's date of employment. The court is unsure why there are two organizational charts. See Docs 101-3 and 101-4. The court orders Plaintiffs to clarify the dates in which the charts were in effect and any differences between the charts. The court further orders Plaintiffs to provide the name, position, and dates of employment for each of their employees. Plaintiffs must supply this information within 7 business days of the order. Once the Plaintiffs clarifies the date and differences between the charts and provides the employee's information, the court will determine if more information must be disclosed.

## 2. Request for Financial Information

### a. Meet and Confer

As discussed *supra*, a prerequisite to moving to compel discovery is the filing of a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an

effort to obtain it without court action. FED. R. CIV. P. 37(a)(1); D.S.D. Civ. LR 37.1.

The parties do not dispute that several meet-and-confer conferences were held to discuss the various discovery issues at hand. (Docs. 100, 117).

Defendants served Request for Production of Documents No. 25 on NDN Collective on January 29, 2024, and NDN Collective responded on February 28, 2024. (Doc. 101-11). NDN Collective responded that it did not maintain financial statements that are specific to the Grand Gateway Hotel, Cheers Sports Lounge and Casino, or Uhre family. Id. It objected to producing financial statements showing all of its income and expenses since 2020 as irrelevant, overly broad, unduly burdensome, and disproportionate. Id. NDN Collective objected to producing its general ledger on the same basis. Id.

On March 11, 2024, Defense counsel wrote correspondence to Plaintiffs' counsel, explaining that NDN Collective's financial statements and general ledger are relevant to show NDN Collective's fundraising as a result of this lawsuit, the expenses it incurred in protesting the Grand Gateway Hotel, and the third parties that have supported or encouraged NDN Collective during its protests. (Doc. 101-12). Plaintiffs' counsel responded on March 18, 2024, standing by its objections that the financial statements and general ledger were not relevant. (Doc. 101-13). Defendants filed this motion to compel two weeks later on April 4, 2024. (Doc. 99). The court finds that the parties properly met and conferred prior to the Defendant's filing of their motion to compel.

### b. Request

Request for Production No. 16 states:

> All financial statements reflecting your sources of income and expenses for programs, events, and activities relating to the Grand Gateway Hotel, Cheers Sports Lounge and Casino, and any member of the Uhre family since January 1, 2020.

(Doc. 101-11, p. 3). The Plaintiffs' response states:

> As NDN Collective's 30(b)(6) witness testified, NDN Collective does not maintain financial statements that are specific to the Grand Gateway Hotel, Cheers Sports Lounge and Casino, or any member of the Uhre family. Therefore, to the extent this request seeks financial statements specific to the topics in the request, NDN Collective does not possess responsive documents. To the extent this request seeks all financial statements showing all of NDN Collective's income and expenses since 2020, NDN Collective objects to this Request as irrelevant overly broad, unduly burdensome, and disproportionate NDN Collective's financial statements have no bearing on Retsel's discriminatory policies and practices, Retsel's exclusion of NDN Collective from the Grand Gateway Hotel based on race, or Retsel's claim of nuisance that the Court has restricted to something other than protected boycott and protest activity. The Request is overly broad because it seeks documents since June 2020—almost two years before NDN Collective was excluded from the Grand Gateway Hotel. In addition, NDN Collective has not alleged that it suffered any damages based on lost income or increased expenses. A request to sift through all of NDN Collective's financial information without any particular need to do so is simply a fishing expedition. NDN Collective is withholding documents on the basis of this objection.

Id. at pp. 3-4. Request for Production No. 25 states:

> Your general ledger reflecting your financial transactions since January 1, 2020.

(Doc. 101-11, pp. 6-7). The Plaintiff's response states:

> See response to Request No. 16. In addition to incorporating those objections, this Request appears to be even broader than Request No. 16 and even less related to the subject matter of this litigation. NDN Collective is withholding documents on the basis of this

objection. Id. at p. 7.

The court finds Defendants' request to be relevant because the "information sought" is " 'reasonably calculated to lead to the discovery of admissible evidence.' " Pearson, 2023 WL 5916437, at *3 (quoting Chavis Van & Storage of Myrtle Beach, Inc., 784 F.3d at 1198. Namely, the requested documents are relevant to Defendants' counterclaims because they provide evidence as to the organizations and individuals that have taken direction from NDN Collective and were involved in NDN Collective's activities toward Retsel. The requested documents are also relevant in demonstrating whether NDN Collective may be vicariously liable for a third party's tortious conduct against Retsel. The burden now shifts to Plaintiffs to show that this request is overly broad, burdensome, or oppressive.

Plaintiffs do not assert that the request is burdensome or oppressive, rather they state that the request is a fishing expedition and irrelevant. (Doc. 117, pp. 15-17).

The court finds Request for Production No. 16 to be relevant and the Plaintiffs do not meet their burden of showing that "the discovery is irrelevant or disproportional," Plaintiffs are ordered to produce their financial statements reflecting sources of income and expenses for programs, events, and activities relating to the Grand Gateway Hotel, Cheers Sports Lounge and Casino, and any member of the Uhre family since January 1, 2020. Plaintiffs must supply

11

this information within 7 business days of the order. However, the court finds Request for Production No. 25 to be unduly burdensome.

### D. Attorney Fees

If a party files such a motion and it is granted "or if the disclosure or requested discovery is provided after the motion was filed—the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). However, the burden is on the moving party to demonstrate that its request for attorney's fees is reasonable. Defendants failed to make any showing regarding the hours spent or the hourly rate requested. Without such a showing the court cannot rule on the request for attorney's fees. Should the Defendants file a separate motion for attorney's fees, Plaintiffs will be able to address the reasonableness of the request and the court will consider the matter by separate motion.

## CONCLUSION

Based on the foregoing facts, law, and analysis, it is:

ORDERED that Defendant's Motion to Compel (Doc. 99) is granted in part and denied in part in accordance with this opinion.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly

erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 12th day of July, 2024.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge