UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

---

NDN COLLECTIVE, SUNNY
RED BEAR, NICK COTTIER,
BRE JACKSON, MARY BOWMAN,
and GEORGE BETTELYOUN,

      Plaintiffs

    vs.

RETSEL CORPORATION, d/b/a
GRAND GATEWAY HOTEL and d/b/a
CHEERS SPORTS LOUNGEAND
CASINO, and CONNIE UHRE,

      Defendants

  and

RETSEL CORPORATION, d/b/a
GRAND GATEWAY HOTEL and d/b/a
CHEERS SPORTS LOUNGE AND
CASINO and NICHOLAS UHRE,

      Counterclaimants

    vs.

NDN COLLECTIVE,

      Counterclaim Defendant

5:22-cv-5027

ORDER GRANTING IN
PART AND DENYING IN
PART SUPPLEMENTAL
MOTIONS IN LIMINE

---

1

On May 19, 2025, the Court granted the Parties leave to file supplemental motions in limine, provided they were motions that could not have been brought prior to the initial motions in limine deadline of August 12, 2024. (Doc. 303). Pursuant to that Order, both Parties have filed supplemental motions, (Doc. 307, 308), in addition to those previously ruled on by the Court. (Doc. 229). Additionally, the Parties have responded, (Doc. 315, 316), and replied. (Doc. 317, 319). For the following reasons, Plaintiffs' motions in limine are granted and Defendants' motions in limine are granted in part and denied in part.

## PLAINTIFFS' MOTIONS IN LIMINE

### 1. Motion to exclude reference to Retsel's bankruptcy filing, (Doc. 307, Motion # XVIII)--GRANTED

Plaintiffs move to exclude any mention of Defendant Retsel's filing for bankruptcy on September 6, 2024, on the grounds of relevance, FRE 401, 403. Defendants have made a similar motion. (Doc. 308, PgID 7310).

Defendants have responded that they do not oppose the motion as it pertains to evidence before the jury. (Doc. 315, PgID 7643-44). However, Defendants seek to reserve the option to provide evidence submitted in the bankruptcy to the Court if pertinent to issues raised at trial, such as admissions by Plaintiffs that would give rise to impeachment. (Doc. 315, PgID 7643). The Court will address any such issues if and when they arise at trial.

The Court deems Retsel's filing for bankruptcy on September 6, 2024, any of the documents submitted in support of or in opposition to the filing, and the subsequent withdrawal of the bankruptcy petition irrelevant to the matters at issue in this case. The Court grants the motion in limine as it extends to the filing of the bankruptcy, and the filings in support of or opposition to the bankruptcy. The Court reserves ruling on the motion as it pertains to evidentiary issues not presently before the Court.

**2. Motion to exclude reference to Retsel's foreclosure action, (Doc. 307, Motion # XIX)--GRANTED**

Plaintiffs allege that the filing of a foreclosure action against Retsel (*First Interstate Bank v. Retsel Corp.*, Case No. CIV25-000261, Pennington County, South Dakota), is not relevant to the issues in this case, would be confusing to the jury, and is unfairly prejudicial, FRE 401, 403.

Defendants respond that the foreclosure action may be resolved prior to the trial of this case and may result in Retsel Corp. no longer owning the Grand Gateway Hotel. (Doc. 315, PgID 7645). Defendants further argue that because Plaintiffs seek punitive damages against Retsel, the financial condition of Retsel is in issue.

The Court has previously ruled that when punitive damages are submitted to the jury, evidence of Defendants' net worth is admissible. (Doc. 229, PgID 6111).

If Defendants no longer own the hotel, that evidence would be relevant to determining their net worth. Why they no longer own the hotel does not appear relevant to the determination of net worth and is excluded.

The Court finds that the evidence of a foreclosure action against Retsel Corp. is inadmissible on the grounds of relevance, confusion, and unfair prejudice unless the jury is required to determine whether punitive damages are warranted. In that case, the Court will assess the posture of the foreclosure action and determine its relevance to the damages sought.

**3. Motion to exclude reference to and certain allegations of Retsel in other litigation, (Doc. 307, Motion # XX)—GRANTED**

Defendants filed an action against NDN Collective on September 5, 2024, asserting claims against many of the Plaintiffs in this case and others who are not parties. (*Retsel Corp. v. NDN Collective*, 5:24-cv-5070, *Retsel II*). The Court has dismissed the case against the Native American Defendants in that case, including NDN Collective, Sunny Red Bear, Nick Tilsen, Mary Bowman, Nick Cottier, Alberta Eagle, Bre Jackson, and George Bettelyoun. (Id., Doc. 53). As is evident, the Defendants in *Retsel II*, for the most part, are the Plaintiffs in the case currently before the Court. The Court finds that evidence of the lawsuit itself is inadmissible as lacking relevance. The Court grants Plaintiffs' motion to exclude the lawsuit entitled *Retsel Corp. v. NDN Collective,* 5:24-cv-5070.

Although the lawsuit is dismissed, that does not mean all facts alleged in the suit are inadmissible in the current Retsel suit. Plaintiffs seek further to exclude all mention of alleged actions by Hermus Bettelyoun and Brandon Ferguson, as discussed below:

a. *Hermus Bettelyoun*—This individual is not a party to the present lawsuit and was not named as a party in *Retsel II,* although he is alleged in that lawsuit to have committed injurious falsehood (Count II) and forgery (Count IV). Plaintiffs assert that he is deceased. Unflattering information about Bettelyoun is alleged in the complaint in *Retsel II* although it does not relate to Bettelyoun's alleged mistake in confusing Gateway Autoplex with Grand Gateway Hotel as part of the injurious falsehood claim in *Retsel II*. It also does not relate to the alleged forgeries by Bettelyoun with respect to emails Nick Uhre claims were not his. (5:24-cv-5070, Doc. 1, PgID 5).

Defendants argue the information is relevant to Hermus Bettelyoun's bias and motive in his relationship with Defendants. They argue as well that the evidence is relevant to Nick Uhre's motivation in his dealings with Plaintiffs. It appears that the issue of Bettelyoun's alleged misconduct was not explored during his deposition and therefore, additional information about whether he did what was alleged and what the circumstances were is not available.

5

As Defendants note, FRE 403 authorizes exclusion under the following circumstances: "Confusion of the issues warrants exclusion of relevant evidence if admission of the evidence would lead to litigation of collateral issues." *Firemen's Fund Ins. Co. v. Thien*, 63 F.3d 754. 758 (8th Cir. 1995). In the present case, Hermus Bettelyoun—who is deceased, not a party, and whose possible misconduct at the hotel was not explored in his deposition—is alleged to have purposely soiled bedding at the Grand Gateway. The evidence is extremely prejudicial and appears to have little relevance to this case. In addition, foundation is lacking: information is not available about whether Hermus Bettelyoun or one of his children, who apparently were staying at the hotel with him, did this; the ages of the children are not provided; there is no evidence of whether it was accidental or purposeful conduct; there is no evidence of whether, if one of the children did this, Hermus knew about it. Therefore, based on the lack of foundation and the danger of extreme prejudice under FRE 403, the Court excludes the evidence of Hermus Bettelyoun's alleged soiling of bedding at the hotel.

While the Court grants the motion to exclude evidence of *Retsel II*, that does not mean that all facts alleged in that lawsuit are excluded. There are limits to what can be admitted about Hermus Bettelyoun, however, given that he cannot testify, is not a party, and his alleged conduct does not relate directly to the incidents in issue in this case. Confusion of the issues and litigation of matters not

6

a part of the case are likely if evidence of Bettelyoun's alleged misconduct is admitted. FRE 403. At this juncture, the Court grants the motion to exclude the evidence of Hermus Bettelyoun's alleged misconduct at the Grand Gateway in April 2021.

   b. *Brandon Ferguson*—The Court has dismissed the claim in *Retsel II* alleging that Brandon Ferguson interfered with Retsel's business by filing an EEOC complaint which caused Booking.com to cancel its relationship with the Grand Gateway. Likewise, in the case before the Court, the counterclaim alleging intentional interference with business relations has been dismissed. Therefore, the evidence of Ferguson's filing an EEOC complaint is not relevant and is not admissible in this case. The Court grants the Plaintiffs' motion with respect to this testimony.

   Plaintiffs allege that Defendants improperly will allege that Ferguson is a member of NDN Collective, which Plaintiffs deny, and that *Retsel II's* allegation of such would be confusing to the jury if admitted. The Court has excluded evidence of the *Retsel II* lawsuit, but not all facts that form the basis of the lawsuit. If evidence of bias is available apart from the text of the lawsuit, it can be proper impeachment. However, at this juncture, the Court has no evidence before it to establish that Ferguson is a member of NDN Collective, and therefore grants the motion to exclude such reference.

**4. Motion to exclude additional political references, (Doc. 307, Motion #**

**XXI)--GRANTED**

The Court excluded evidence of political references of the Parties in its

previous Order regarding Motions in Limine. (Doc. 229, PgID 6112, 6107).

Plaintiffs now seek an additional ruling excluding specific statements such as

"lawfare," "weaponization of the legal process," "race shaming," or comparisons

between this lawsuit and those involving the current President of the United States.

Plaintiffs argue the terms would be unfairly prejudicial under FRE 403.

The Court finds political statements of any kind are irrelevant and unfairly

prejudicial under FRE 403. The Court has previously considered the impact and

potential prejudice of possible political commentary in this case in granting the

motion to exclude such evidence, (Doc. 229, PgID 6112, 6107). The Court has

previously admonished the Parties to keep politics out of this case. (Id., PgID

6112). The Court grants Plaintiffs' motion as it pertains to the statements listed in

the above paragraph, and to any terms related to such concepts. The Court reminds

the Parties that the jury will determine whether the elements of Plaintiffs' claims

are proved by a preponderance, after considering the evidence presented by both

Plaintiffs and Defendants. Political statements by either Plaintiffs or Defendants

are irrelevant and unfairly prejudicial. The Court has excluded them and cautions

the Parties to avoid attempting to insert political commentary into the trial of this case.

**5. Motion to exclude references to Connie Uhre's health, (Doc. 307, Motion # XXII)--GRANTED**

Plaintiffs move to exclude references to Connie Uhre's health on the grounds of relevance and unfair prejudice, FRE 401, 403.

Defendants object, speculating that information might be needed to explain to the jury why Connie Uhre has medical equipment with her or has to testify over a period of days. Defendants also indicate they intend to have Ms. Uhre testify about the circumstances of the assault of Sunny Red Bear for which she was convicted and the impact of her being in jail. (Doc. 315, PgID 7661-62).

If the Court deems it necessary to address any issue regarding Connie Uhre's health while she is testifying, the Court will do so. Ms. Uhre was convicted in state court and sentenced accordingly. The impact of a jail sentence on her health is not an issue for the jury's consideration, nor is her allegation that someone else assaulted her in some way. Therefore, the motion in limine is granted.

## II. Defendants' Motions in Limine

### 1. Preclude References to the Timing of Retsel's Bankruptcy Filing (Doc. 308, Motion No. 1)—GRANTED

As discussed above in Plaintiffs' motion in limine No. XVIII, all parties agree that evidence or references to Retsel's bankruptcy proceeding should be precluded. Retsel's bankruptcy filing is not relevant to the issues that remain in this lawsuit and carries the risk of confusing the issues, misleading the jury, and imposing unfair prejudice. Accordingly, pursuant to Federal Rules of Evidence 401 and 403, Defendants' motion in limine No.1 is granted, and all evidence and references to Retsel's bankruptcy filing is precluded from trial. In the event that this material becomes relevant for impeachment purposes, the Court will rule on its admissibility at trial.

Defendants go on for some length regarding the propriety of Retsel's bankruptcy filing. Even though the Court has expressed its skepticism in a previous order (Doc. 305), this issue is not before the Court, and it will not further address this matter.

### 2. Exclude Evidence of Alberta Eagle's Alleged Emotional Distress (Doc. 308, Motion No. 2) —GRANTED IN PART

Defendants seek to preclude Alberta Eagle from testifying to her "feelings and alleged emotional distress, whether from viewing Connie Uhre's social media posts, from being asked to leave the Hotel...or in connection with anything else she may be otherwise be called to testify on at trial..." (Doc. 308 PgID 7322). Defendants, in their reply brief, clarify that they are not seeking to preclude all testimony of Ms. Eagle only testimony that relates to her alleged emotional distress damages. Alberta Eagle has been dismissed as a plaintiff to this action, so the Court agrees that evidence relating to her allegations of personal emotional distress damages is no longer relevant. However, she remains a witness to the alleged racial discrimination. Ms. Eagle was present during some of the events in question and personally interacted with Grand Gateway Hotel staff. Her testimony with regards to what she witnessed, her experience at the Grand Gateway Hotel, and NDN Collective's intended use of the hotel rooms—had they been permitted to rent them—is relevant.

Plaintiffs argue that Ms. Eagle's testimony is also relevant to the issue of punitive damages. Eighth Circuit Model Jury Instructions regarding punitive damages includes a consideration of "[h]ow reprehensible the defendant's conduct was." 8th Cir. MJI § 4.72. In this regard, a jury may consider harm to persons other than the plaintiff in determining reprehensibility. *Phillip Morris USA v. Williams*, 549 U.S. 346, 355 (2007). That said, a jury may not punish for the harm

11

caused to persons other than the plaintiff.  *Id.*  Accordingly, if Ms. Eagle, or any other witness for that matter, testifies concerning harm suffered by nonparties, the Court will ensure the proper procedures are in place and will instruct the jury that such testimony may only be considered for determining reprehensibility, and any punitive damages award should not include an amount for harm suffered by persons who are not parties to the case.

Thus, Ms. Eagle will be permitted to testify to what she witnessed, her experience at the Grand Gateway Hotel, and whether Defendants' conduct harmed her.  However, testimony that Ms. Eagle has personally incurred damages for her alleged emotional distress is not relevant at this time.  Therefore, Defendants' motion in limine No.2 is granted in part and denied in part.

**3.  Preclude testimony from Plaintiffs' retained expert, Professor David Sherwyn (Doc. 308, No. 3)--DENIED**

Defendants argue Plaintiffs' expert testimony is no longer admissible under FRE 702 because Dr. Sherwyn's four opinions do not involve scientific, technical, or other specialized knowledge that will assist the trier of fact to understand the evidence or determine a fact in issue, and do not employ a reliable methodology. (Doc. 308, PgID 7325-26).  Plaintiffs respond that the motion is untimely and that Defendants had information about the expert's qualifications and methodology for almost two years prior to the filing of their motion.  (Doc. 316, PgID 7704).  They

12

argue any motion attacking the qualifications, methodology, or relevance of Dr. Sherwyn's proposed testimony should have been filed with the pretrial motions initially filed by the parties prior to the scheduled September 9, 2024, trial date. Plaintiffs argue further that Dr. Sherwyn's credentials, methodology, and conclusions comport with the requirements of FRE 702.

*a. Qualifications*—Any challenge to Dr. Sherwyn's qualifications is untimely and exclusion of his opinions on that basis is denied. A motion challenging compliance with FRE 702 should have been filed prior to the trial scheduled for September 9, 2024.

On the merits, Defendants appear to argue that because Dr. Sherwyn has not personally operated a hotel, he is unqualified to offer his opinions despite his decades of experience teaching and writing about issues of hotel management pertinent to this case. The Court denies the motion on this basis. An expert who has studied and taught in the area of hotel management is not required to have personally operated a hotel.

Therefore, the Court denies Defendants' motion for two reasons: first, the motion should have been and could have been brought prior to trial scheduled for September 9, 2024; and second, on the merits, Dr. Sherwyn's qualifications are more than adequate to support his offering his opinion on issues in this case.

*b. Opinions*—Each of the four opinions from Dr. Sherwyn before the Court will be addressed below. As Defendants note, "The touchstone for admissibility of expert testimony is whether it will be helpful to the trier of fact." *Lee v. Andersen*, 616 F.3d 803, 808 (8th Cir. 2010). *See also Crabar/GBF, Inc. v. Wright*, ___F.4th ___, 2025 WL 1740313, *7 (8th Cir. June 24, 2025). As the Eighth Circuit has instructed, "Courts should liberally admit expert testimony and resolve doubts regarding the usefulness of an expert's testimony in favor of admissibility." *Id.*, at *7 (quoting *David E. Watson, P.C. v. United States*, 668 F.3d 1008, 1014 (8th Cir. 2012)).

Opinion #1, as summarized, is that the statements by Connie Uhre on social media reflected the hotel's "hostility toward Native American patrons" and "specified certain hotel operations to exclude Native American patrons from the hotel" while also setting the hotel "on course for undertaking to support their exclusion."

Defendants challenge the relevance of this opinion, and argue it is not helpful to the jury or based on expertise or reliable methodology. Defendants argue Dr. Sherwyn's assessment of the impact of Connie Uhre's statements is not helpful to the jury because Connie Uhre is no longer involved in the hotel's operations and was not closely involved enough in March 2022 to have her statements carry sufficient weight. Defendants argue the jury can decide whether

the hotel's reasons for excluding Plaintiffs were legitimate without expert testimony and can decide whether she was speaking for the hotel.

The Court denies Defendants' motion to exclude the expert testimony on this basis. The Court finds the opinion of the expert can be helpful to the jury and does not improperly lend "an expert's 'aura of expertise' to the subject." *United States v. Arenal*, 768 F.2d 263, 269-70 (8th Cir. 1985). Further, the opinion does not express a legal conclusion improperly or tell the jury how to decide the case, while as Defendants assert, at the same time acting as the jury. Sherwyn's testimony about industry standards can assist the jury and Defendants' motion to exclude Opinion #1 is denied.

Opinion #2, as summarized, is that the hotel's local identification policy was "arbitrarily applied from at least January 2020 through April 2022, and did not comport with industry standards."

Defendants argue that because of the Consent Decree between the United States and Retsel, the hotel is barred from adopting or enforcing a local identification policy. In addition, they argue, the Court has dismissed the declaratory and injunctive relief claims, making the Sherwyn opinion that the hotel policy did not comport with industry standards not an issue in the case. Defendants also challenge Dr. Sherwyn's opinion about proper security practices as

15

alternatives to a local identification policy and his conclusion that the policy was an "excuse to exclude Native Americans."

The Court finds that the proposed testimony analyzing the local identification policy is a proper subject of expert testimony, is relevant to the issues in this case, and can assist the jury in determining the facts in issue. Sunny Red Bear's claim is based on alleged discrimination under 42 U.S.C. § 1981 as the result of a local identification policy. Whether such a measure was appropriate to enhance security also is an appropriate topic for discussion by Dr. Sherwyn. Therefore, the Defendants' motion to exclude Opinion #2 is denied.

Opinion #3, as summarized, is that "the purported closure" of the Grand Gateway which was the rationale for excluding certain Plaintiffs "did not comport with industry standards."

Defendants argue the opinion is no longer relevant due to dismissal of the claims for declaratory and injunctive relief. They further argue that because this is not a negligence case, industry standards are not at issue.

The Court is not persuaded that the opinion on hotel closure is not relevant. The opinion can help the jury determine the facts in issue and is adequately supported. Therefore, the Court denies the motion to exclude Opinion #3.

Opinion #4, as summarized, is that Nick Uhre, Defendant and hotel

manager, "acted outside industry standards" by his conduct which "caused or contributed to the hotel's exclusion of Native American persons."

Defendants argue that industry standards are not relevant given the dismissal of the claims for declaratory and injunctive relief. They argue Sherwyn's views of how the hotel should have responded are unhelpful to the jury. They also argue that all of the opinions from Dr. Sherwyn "are transparent attempts to hire a lawyer to repeat and emphasize the legal arguments of the legal team, from the witness stand, in the guise of an expert opinion."

The Court denies the Defense motion to exclude the expert testimony on this basis. The Court views the proposed testimony as relevant and helpful to the jury. The Court rejects Defendants' characterization of the Sherwyn testimony as improper in some way because he is a lawyer and, as Defendants assert without evidence, appears to be acting as additional Counsel in this case. There is no evidence whatsoever of the latter, and Dr. Sherwyn's legal training and work in the legal profession as an academic are properly considered in evaluating his qualifications to offer his opinions in this case. The Court denies Defendants' motion to exclude Opinion #4.

The Court denies Defendants' Supp. Motion in Limine No. 3 in its entirety.

**4. Preclude Evidence and Argument regarding Connie Uhre's speech from Plaintiffs' affirmative Section 1981 case (Doc. 308, No. 4)—DENIED**

Defendants seek to exclude Connie Uhre's speech, specifically, her social media posts and portions of her email communicating her intention to not allow Native Americans to rent rooms from the Grand Gateway Hotel. Defendants argue that Ms. Uhre's speech is protected by the First Amendment and that Retsel cannot be held vicariously liable for her speech. These arguments would have been appropriate at the summary judgment stage but are not properly brought as a motion in limine. Thus, the Court declines to address them at this time.

Connie Uhre's speech is highly relevant and central to the heart of this lawsuit. Her speech is probative of the alleged discriminatory policy of Retsel as well as Connie Uhre's alleged malice which bears on punitive damages for her assault of Sunny Red Bear, and it provides vital context for the events forming the basis of Defendants' counterclaims. Further, this motion in limine is untimely. In granting the Parties leave to file supplemental motions in limine, the Court limited the motions to those that *could not* have been brought prior to the initial motion in limine deadline trial date of August 12, 2024. (Doc. 303). Connie Uhre's speech and her capacity at Retsel have been known and disclosed from the start of this lawsuit, and Plaintiffs' voluntary dismissal of Counts I and II against Connie Uhre does not change the relevance of this evidence. Nor does the Court's Order

dismissing the declaratory and injunctive relief. (Doc. 279). Defendants could have brought this motion in limine prior to the initial motion in limine deadline and chose not to. Accordingly, for the reasons state above, Defendants' motion in limine No. 4 is denied.

### 5. Preclude Evidence and Argument Related to Community Impact (Doc. 308, No. 5)—DENIED

Defendants seek to preclude Plaintiffs' counsel from asking any witnesses how it felt to learn of Connie Uhre's speech. Defendants further seek to preclude Plaintiffs' Counsel from asking any witnesses, besides Plaintiffs, about how it felt to be denied service at the Grand Gateway Hotel. As discussed above in the discussion of Defendants' motion in limine No. 4, Connie Uhre's speech is highly relevant. Likewise, the impact of her statements is relevant. Plaintiffs' perceived impact is relevant to their alleged emotional distress damages (if the jury finds Defendants liable), and non-plaintiff witnesses' perceived impact is relevant to the issue of punitive damages. As explained above in Defendants' motion in limine No. 2, while a jury may not punish for harm caused to persons other than the plaintiff, harm to persons other than the plaintiff may be considered in determining reprehensibility. *Phillip Morris USA*, 549 U.S. at 355. Further, like Defendants' motion in limine No.4, this motion could have been brought before the initial motion in limine deadline. Plaintiff and non-plaintiff witness testimony regarding

19

the impact of Connie Uhre's statements has been well-known to Defendants for some time and the dismissal of Counts I and II against Ms. Uhre as well as the declaratory and injunctive relief does not change the relevance of this evidence. Finally, Defendants' motion is too broad. The Court agrees with Plaintiff that the proper route is for Defendant to object to specific questions at trial. Accordingly, Defendants' motion in limine No. 5 is denied.

Accordingly, IT IS ORDERED that:

1. Plaintiffs' supplemental motions in limine are granted, as explained herein, (Doc. 307); and

2. Defendants' supplemental motions in limine are granted in part and denied in part, as explained herein, (Doc. 308).

Dated this 10ᵗʰ day of July, 2025.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

20