UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| NDN COLLECTIVE, SUNNY RED BEAR, NICK COTTIER, BRE JACKSON, MARY BOWMAN and GEORGE BETTELYOUN,<br><br>Plaintiffs,<br><br>v.<br><br>RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO and CONNIE UHRE,<br><br>Defendants,<br><br>and<br><br>RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO and NICHOLAS UHRE,<br><br>Counterclaimants,<br><br>v.<br><br>NDN Collective<br><br>Counterclaim Defendant. | 5:22-CV-05027-KES<br><br>ORDER DENYING DEFENDANTS' MOTION TO STAY TRIAL AND GRANTING DISMISSAL OF CONNIE UHRE |

Defendants, Retsel Corporation, et al., moved to stay the trial for this matter currently scheduled for December 15, 2025, because of the death of one of the defendants: Connie Uhre. Docket 332. Plaintiff Sunny Red Bear opposes the motion and filed a memorandum in opposition to defendants' motion to stay. Docket 335. In addition to opposing defendants' motion to stay, Red Bear

also moves to dismiss Uhre as a defendant entirely under Federal Rule of Civil Procedure 41(a)(2). Docket 334, 335. Defendants did not respond to plaintiffs' motion to dismiss Uhre as a defendant. For the following reasons, this court agrees with Red Bear that dismissal of Uhre is a more appropriate means of managing the trial in light of Uhre's death than a stay.

## PROCEDURAL BACKGROUND

The trial in this matter is currently scheduled for December 15, 2025, pursuant to a continuance to this court's scheduling order issued on August 19, 2025. Docket 323. On September 5, 2025, Connie Uhre died. Docket 335 at 3. Uhre is the defendant in Count IV of this litigation, which alleges that she assaulted Red Bear. Docket 84 at 28. Her alleged assault also lays the foundation for Red Bear's *respondeat superior* claim against Retsel Corporation. *Id.* at 28-29. Defendants argue that a stay of proceedings is the only appropriate response to Uhre's death because no probate has been opened relating to Uhre's estate, and it is thus impossible to designate an appropriate substitute party to represent her estate's interests. Docket 333 at 2. Defendants argue that "[g]iven the time it will take to open a probate, address any discord regarding the priority of appointment of a personal representative if necessary, and substitute a party if necessary, a stay is in the best interest of judicial economy and the parties." *Id.* at 3. Should no one appear on behalf of Uhre, Retsel's interests would be harmed because Retsel faces claims based on *respondeat superior* for Uhre's alleged assault. *Id.* at 4.

Plaintiffs argue that dismissal of Uhre as a defendant addresses the gap in representation left by her death while still preserving the existing date of the trial, which has already been delayed multiple times. Docket 335 at 2, 4. The only pending claim against Uhre is for the alleged assault. *Id.* at 4. Uhre asserted no counterclaims. *Id.* Further, the issue of Retsel's *respondeat superior* liability does not depend on any pending factual determinations for which Uhre or a representative of hers must be present. This is because this court has "already determined that there is no dispute of fact that Connie Uhre assaulted Ms. Red Bear." *Id.* at 6 (quoting Docket 212 at 15-16). Thus, there is no benefit to judicial economy in staying proceedings further when dismissing Uhre would suffice.

## LEGAL BACKGROUND

The parties each suggest a procedural vehicle for managing this case in light of Uhre's death: stay pending substitution of Uhre with an appropriate party under Rule 25(a)(1) or dismissal of the claim against Uhre under Rule 41(a)(2). Docket 333; Docket 335; *see also*; Fed. R. Civ. P. 25(a)(1); *see also* Fed. R. Civ. P. 41(a)(2). Rule 25(a)(1) authorizes the court to allow substitution of a deceased party upon motion by either party if the motion is made within 90 days after service of a statement noting the death. Fed. R. Civ. P. 25(a)(1). The decision to allow the substitution of a party lies within the "sound discretion of the district court." *Benacquisto v. Am. Express Fin. Corp.*, 44 F.4th 741, 744 (8th Cir. 2022) (citing *Kemp v. Balboa*, 175 F.3d 1024 (8th Cir. 1999). Because the decision to grant substitution is left to the district court's

discretion, there is no requirement that a court grant a stay of proceedings so a moving party can secure substitution. *See Kemp*, 175 F.3d at 1-2 (reciting a district court's decision to lift a stay and dismiss the case when a deceased party's family member failed to obtain status as his personal representative).

Similarly, the decision to dismiss a party without prejudice under Rule 41(a)(2) is to be made "on terms that the court considers proper," if there are no counterclaims that remain pending for independent adjudication. Fed. R. Civ. P. 41(a)(2). Factors that the court may consider when deciding whether to grant voluntary dismissal include "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) (citing *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013).

## ANALYSIS

Here, both parties understand that a stay pending substitution is not required by Uhre's death. Docket 333 at 2; Docket 335 at 2. The point of disagreement is whether this case presents "unique timing challenges that support a stay of the trial," as opposed to simply dismissing Uhre as a defendant and proceeding with the current trial date. Docket 333 at 2. This court is not convinced that the timing challenges identified by defendants merit a stay. Defendants emphasize that it will take considerable time to open a probate for Uhre's estate and to address discord regarding the priority of appointment of a personal representative. Docket 333 at 3. It is "improbable or

4

impossible that someone will be appointed as a personal representative prior to [the trial date]." *Id.* That may be, but that possibility will only prejudice defendants in this action if Uhre remains as a defendant. Defendants offer only one reason to think that both dismissal and proceeding with trial would prejudice any party: Retsel faces claims based on *respondeat superior* for Uhre's alleged actions. *Id.* But this only prejudices Retsel if remaining questions of fact or law hinge on Uhre's presence at trial. This is not the case. There is no remaining dispute of fact as to whether Uhre committed the assault giving rise to Retsel's vicarious liability. Docket 212 at 15. While the question of whether Retsel should be held responsible for Uhre's assault based on the theory of *respondeat superior* is a fact-based inquiry (see Docket 212 at 16), the presence of a representative of Uhre's estate at trial will not add to a resolution of this question of fact. Thus, no party's rights will be prejudiced by a trial where Uhre's estate is not represented.

  Dismissal rather than stay also eliminates the possibility of this action being mired by indefinite delays as Uhre's probate proceeds for an uncertain length of time. As defendants themselves note, there could be "discord regarding the priority of appointment of a personal representative if necessary" as the matter of Uhre's estate gets sorted out. Docket 333 at 3. But the possibility of tethering this litigation's timeline to acrimonious probate proceedings strikes this court as a reason to *not* wait for a suitable substitute party to emerge. Dismissal eliminates that risk. Thus, this court concludes that

voluntary dismissal is appropriate because it adequately secures the remaining party's interests, aids judicial economy, and avoids additional delay.

Thus, it is ORDERED

1. That defendants' motion to stay trial (Docket 332) is DENIED, and
2. That Plaintiff Sunny Red Bear's motion to dismiss Connie Uhre as a named defendant under Rule 41(a)(2) (Docket 334) is GRANTED.

Dated December 1, 2025

        BY THE COURT:

        /s/ Karen E. Schreier
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE