**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION**

| | |
|---|---|
| NDN COLLECTIVE, SUNNY RED BEAR, NICK COTTIER, BRE JACKSON, MARY BOWMAN and GEORGE BETTELYOUN, | Case No. 5:22-cv-05027-KES |
| Plaintiffs, | |
| v. | |
| RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO, | **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' WITNESS LIST (DKT. 343)** |
| Defendants, | |
| and | |
| RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO and NICHOLAS UHRE, | |
| Counterclaimants, | |
| v. | |
| NDN Collective, | |
| Counterclaim Defendant. | |

Plaintiffs object to the following witnesses disclosed on Retsel's witness list (Dkt. 343.)

96689135.1

Plaintiffs object to the proposed testimony of Brandon Ferguson. Retsel claims that Mr. Ferguson "[w]ill testify about an exchange he had with Nick Tilsen." (Dkt. 343 at 2.) But the Court already excluded this testimony. (Dkt. 229 at 6.)

Plaintiffs object to the proposed testimony of Marletta Red Cloud. Ms. Red Cloud was not present at any of the incidents where Plaintiffs were excluded from the hotel. Whether Ms. Red Cloud observed or did not observe other incidents of discrimination does not bear on whether the Plaintiffs were discriminated against in the instances Ms. Red Cloud did not witness. Retsel may not call lay witnesses to testify generally about Retsel's treatment of Native Americans if those witnesses do not have personal knowledge of the Hotel's interactions with Plaintiffs. Such testimony would violate Rule 602 (requiring personal knowledge), Rules 401 and 402 (excluding irrelevant evidence), and Rule 403 because it will likely confuse the jurors on what they are to consider and will unnecessarily waste trial time by presenting irrelevant evidence. Such testimony would also be inadmissible hearsay because it would involve a witness testifying about Retsel's past statements and/or nonverbal conduct to prove the truth of the matter asserted, i.e., Retsel did not discriminate against Native Americans, in violation of Rule 802 (prohibiting hearsay, including prior statements and nonverbal conduct, offered to prove the truth of the matter asserted).

Plaintiffs object to the proposed testimony of Pamela Grioux, Troy Lynn Peneaux, and Selina Brewer. Retsel never disclosed these witnesses in discovery under Rule 26(a) and (e). Retsel's failure to disclose these individuals bars their testimony at trial. Fed. R. Civ. P. 37(c).

Dated: December 1, 2025        Respectfully submitted,

*/s/ Timothy W. Billion*

Brendan V. Johnson (SD Bar # 3263)
Timothy W. Billion (SD Bar # 4641)
Thad A. Titze (SD Bar #5204)
ROBINS KAPLAN LLP
150 East 4th Place, Suite 704
Sioux Falls, SD 57104
Tel: 605-335-1300
Email: BJohnson@RobinsKaplan.com
      TBillion@RobinsKaplan.com
      TTitze@RobinsKaplan.com

**ATTORNEYS FOR PLAINTIFFS**

3

96689135.1