UNITED STATES COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| NDN COLLECTIVE, SUNNY RED BEAR, NICK COTTIER, BRE JACKSON, MARY BOWMAN, and GEORGE BETTELYOUN, | Civ. No. 5:22-cv-05027-LLP |
| Plaintiffs, | **DEFENDANT'S REPLY TO PLAINTIFFS' OBJECTIONS TO WITNESS LIST** |
| v. | |
| RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO, | |
| Defendant, | |
| and | |
| RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO, and NICHOLAS UHRE | |
| Counterclaimants, | |
| v. | |
| NDN Collective, | |
| Counterclaim Defendant. | |

1

Plaintiffs object to Defendant's witness designations of Marietta Red Cloud, Troy Lynn Peneaux, Selina Brewer, and Pamela Giroux, stating that they were not disclosed during discovery.  This is simply not true, and Defendant cites below exactly where these witnesses were disclosed during the course of discovery.

Plaintiffs further claim that Brandon Ferguson is precluded from testifying as disclosed by Defendant because the Court previously ruled the content precluded (despite the fact Mr. Fergurson is listed on Plaintiffs' own witness list. See Docket No.: 338 at p. 3).  Defendant affirms that Plaintiffs had knowledge of the aforementioned witnesses and therefore Defendant's designations are proper.

Peneaux and Giroux were disclosed in productions marked US103-106 and US 170-446, specifically at US445. Giroux's invoice for her hotel stay was disclosed at US460.  Copies of the same are attached hereto. Unredacted copies of the same were disclosed to Plaintiff through the course of litigation. Redacted copies of the same are filed herewith. The redactions do not negatively impact the public's interest in transparent proceedings.  The redactions protect the home addresses of non-party individuals who provided this information for the limited purpose of staying at the Grand Gateway Hotel.

Marietta Red Cloud was discussed in the April 19, 2024 deposition of Nick Uhre at 145:13-16. (Doc. 358-4, PageID#9479). Her identity and her role at the Grand Gateway were both disclosed during the deposition. Plaintiffs had every opportunity to inquire further as to Ms. Red Cloud and her role and experiences at the hotel. Therefore, Marietta Red Cloud is an appropriate and proper witness.

Selina Brewer can be seen in the video submitted by Plaintiffs as stipulated Exhibit 22 on their Exhibit List (Doc. 339).  Plaintiffs were provided the video from

the hotel camera, and ultimately identified it as an exhibit for trial. The identities of the parties in the video were subject to discovery, but Plaintiffs failed to inquire as to the other guests visible in the video or conduct any discovery into their identities.  Selina Brewer is a proper witness and Defendant's designation survives this objection.

Brandon Ferguson is identified as the twelfth witness on Plaintiffs' witness list (Doc. 338). Plaintiffs object to Defendant's designation of Mr. Ferguson as a witness despite naming him on their own disclosure. In support of their argument, Plaintiffs cite to page 6 of Doc. 229.  In its order, the Court stated:

> Mr. Furguson's (sic) charge and related protective order is irrelevant and thus inadmissible. The request to exclude Mr. Tilsen's Facebook requests is overbroad and nonspecific. As such, the Court is unable to assess the admissibility of the Facebook posts at this time.
>
> Therefore, the Court grants Plaintiffs' third motion in *limine* with respect to Brandon Furguson's (sic) charge and his related protective order and Nick Tilsen's protective orders. The Court will not rule on Nick Tilsen's Facebook post at this time. FRE 401, 402.

Plaintiffs interpret this to mean that the Court held that Brandon Ferguson cannot testify regarding Nick Tilsen.  In their motion, Plaintiffs specifically requested that charges against Tilsen and Ferguson not be admitted. They did *not* request that Ferguson be precluded from testifying regarding his experiences involving Nick Tilsen, nor would such a request be proper.  Plaintiffs seemingly acknowledge that Ferguson has testimony relevant to this matter through their own designation. Plaintiffs' overbroad and unsubstantiated interpretation of Doc. 229 is improper, and Defendant's designation of Brandon Ferguson on its witness list is proper.

Plaintiffs further allege that the hotel folios of other guests for the dates in question are irrelevant as to whether the Grand Gateway discriminated against Plaintiffs on the basis of race. Evidence regarding other guests on the dates Plaintiffs visited the hotel and from which their claims arise is absolutely relevant to the defense against these allegations. As argued herein, the witness designations are entirely proper. As such, the associated hotel records would be relevant and admissible not only through their testimony, but through other evidentiary options presented by the testimony at trial. A blanket preclusion of the hotel folio exhibits is improper at this time, and should be reserved for trial based on the testimony presented.

Plaintiffs were provided with a list of every guest including the dates of their stays in chronological order, and their addresses from January 1, 2021 to April 30, 2022. Plaintiffs had every opportunity to conduct additional discovery on any guest identified on that disclosure. With the witnesses properly disclosed, the associated records have numerous possible avenues to admission. Plaintiffs' objection must be denied.

DATED: December 8, 2025                     Respectfully Submitted,

/s/ Haylee Culver
Haylee M. Culver (SD Bar #4993)
Gordon Rees Scully Mansukhani
1136 Jackson Boulevard, Suite C
Rapid City, SD 57702
Telephone: 701-970-2339
hculver@grsm.com
***Attorneys for Defendant***

And

4

Donald G. Derrico (Admitted Pro Hac Vice)
Jason C. Scott (Admitted Pro Hac Vice)
Gordon Rees Scully Mansukhani
500 Mamaroneck Ave., Suite 503
Harrison, NY 10528
Telephone: (914) 777-2210
dderrico@grsm.com
jcscott@grsm.com
***Attorneys for Defendant***

5