**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION**

| | |
|---|---|
| NDN COLLECTIVE, SUNNY RED BEAR, NICK COTTIER, BRE JACKSON, MARY BOWMAN and GEORGE BETTELYOUN, | Case No. 5:22-cv-05027-KES |
| Plaintiffs, | |
| v. | |
| RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE, | **PLAINTIFFS' REPLY IN SUPPORT OF OBJECTION TO TESTIMONY OF PREVIOUSLY UNDISCLOSED WITNESSES** |
| Defendant, | |
| and | |
| RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO and NICHOLAS UHRE, | |
| Counterclaimants, | |
| v. | |
| NDN Collective, | |
| Counterclaim Defendant. | |

1

96706385.2

### I.      Retsel did not disclose Giroux, Peneaux, or Brewer.

Retsel never identified Pamela Giroux, Troy Lynn Peneaux, or Selina Brewer in their initial disclosures or in response interrogatories seeking disclosure of fact witnesses and their knowledge. Rule 37(c) requires the exclusion of these witnesses.

Rule 26(a) required Retsel to provide initial disclosures identifying, among other things, "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(A)(i). Similarly, Plaintiffs served an interrogatory on Retsel requiring Retsel to "identify all witnesses who may have knowledge relevant to the claims and defenses in this matter, and describe the knowledge you believe each witness possesses." (*See* Ex. 1 (showing Plaintiffs' interrogatory no. 2 and Retsel's answer).) Under Rule 26(e), Retsel had an ongoing duty to supplement its initial disclosures and its interrogatory responses. And under Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."

Retsel supplemented its initial disclosures twice: a first supplemental response on April 18, 2024, and a second supplemental response on May 31, 2024—the day discovery closed. (Ex. 2.) None of Retsel's three initial disclosures identified Peneaux, Giroux, or Brewer. In fact, none of Retsel's initial disclosures identified a single guest

2

96706385.2

from the hotel. Retsel's response to Interrogatory No. 2 did not identify Peneaux, Giroux, or Brewer. (Ex. 1.) This interrogatory response was never supplemented.

Instead, the first time Retsel identified these witnesses was on Retsel's pretrial witness list. Under Rule 37(c), Retsel's failure to disclose these three witnesses mandates exclusion of those witnesses from trial as a self-executing sanction. Retsel's failure to identify these witnesses deprived Plaintiffs of an opportunity to depose them, subpoena documents, investigate their backgrounds and alleged facts, or prepare trial strategy and cross-examination. *See Wegener v. Johnson*, 527 F.3d 687, 692-93 (8th Cir. 2008) (holding that exclusion of undisclosed expert testimony was proper and emphasizing prejudice to opponent and proximity to trial); *see also Schilf v. Eli Lilly & Co.*, CIV 07-4015, 2010 WL 3909909, at *2-3 (D.S.D. Sept. 30, 2010) (applying *Wegener* and excluding a late-disclosed witness even though his name came up in a deposition prior to the close of discovery).

## II.    Retsel's reference to other documents does not cure its failure to disclose witnesses.

Retsel argues that Peneaux, Giroux, and Brewer should nevertheless be permitted to testify because (1) Peneaux and Giroux were identified in prior document productions, and (2) Brewer appears, unidentified, in a video.

First, the three documents that Retsel attached to its response were documents Retsel exchanged with the United States in a separate action filed by the Department of Justice, not documents produced to Plaintiffs in this matter. This is apparent from the Bates numbers and because Exhibit 3 to Retsel's response (Dkt. 366-3) is a letter to the

3

United States Attorney. Retsel did produce a version of the "All Guests January 1, 2021 — April 30, 2022" spreadsheet to Plaintiffs, labeled RETSEL 0144 to RETSEL 0420. But unlike the version produced to the United States and now provided to the Court (Dkt. 366-1), <u>the version Retsel produced to Plaintiffs redacted all guest names.</u> (Ex. 3.)[1] There is no way Plaintiffs could use this sheet to identify individual guests that may eventually be witnesses. Even if names had been produced to Plaintiffs, this spreadsheet is 277 pages long, and each page contains dozens of individual redacted guest entries. It is not possible or reasonable to expect Plaintiffs to depose or conduct discovery into each person on this list to try to determine which guests Retsel may call as a witness at trial. That suggestion is exactly the type of hide-the-ball exercise Rules 26(a) and 26(e) are designed to prevent. *See Transclean Corp. v. Bridgewood Servs.*, Inc., 101 F. Supp. 2d 788, 796 (D. Minn. 2000) (excluding undisclosed testimony to prevent trial by "ambush").

Setting that issue aside, producing documents mentioning a witness — or in Brewer's case, a video in which Brewer is not mentioned but Retsel now represents that she appears — is not a substitute for disclosure of witnesses. Courts routinely reject the idea that producing documents containing names counts as a witness disclosure. For example, in *Sender v. Mann*, 225 F.R.D. 645 (D. Colo. 2004), a party provided a list of 196 investors and 126 brokers purportedly with knowledge of the facts in the case but no

---

[1] Based on file size, Plaintiffs have attached as Exhibit 3 the title page and the first page of the spreadsheet only. This document, as produced, is 277 pages long and each page contains redactions identical to those on RETSEL 145 on each page of the document.

4

other meaningful detail. *Id.* at 650. The Court found those disclosures to be inconsistent with the purposes of Rule 26(a) and determined that the presence of specific witness names mentioned in other documents was not an acceptable supplementation under Rule 26(e). *See id.* at 655; *see also Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 861-63 (9th Cir. 2014) (affirming the exclusion of fact witnesses disclosed ten months before trial because the witnesses were not timely disclosed even though their names appeared in other discovery).

Here, consideration of the *Wegener* factors weighs heavily in Plaintiffs' favor. Retsel presents no argument about substantial justification or harmlessness. The burden to prove harmlessness or justification is on the nondisclosing party. *See Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 704 (8th Cir. 2018) (examining whether the nondisclosing party provided a justification or could show harmlessness).

There is no justification for Retsel's failure to disclose these witnesses. The letter from Retsel's counsel to the United States Attorney (Dkt. 366-3) mentions Giroux and Peneaux by name on June 3, 2022. Discovery continued for nearly another two years in this case, yet Retsel never disclosed these witnesses to Plaintiffs here. Supplying a redacted 277-page guest list is not a substitute for witness disclosure. Retsel has offered no justification for its failure.

The prejudice to Plaintiffs is stark. Plaintiffs had no opportunity to depose these witnesses, investigate their backgrounds, find other witnesses to contradict their claims, or make trial strategy decisions based on the alleged testimony.

5

Permitting Giroux, Peneaux, or Brewer to testify would disrupt trial. It would effectively turn the trial into one about incidents other than those alleged in the complaint. And the proffered testimony is not the magic bullet Retsel believes it to be—Connie Uhre's social media post did not go viral until the evening of March 21, after Giroux and Peneaux checked into and out of the hotel. Those stays also occurred before Retsel implemented its purported "local ID" policy in an effort to exclude Native Americans. In other words, given the timing, the nondisclosed witness testimony would offer limited, if any, relevant information.

Without Giroux and Peneaux as witnesses, the folios themselves should also be excluded. Because Giroux and Peneaux cannot testify, admission of the folios through other witnesses unfairly implies that Giroux and/or Peneaux side with Retsel or did not experience discrimination—which Retsel has not and cannot establish without those witnesses. It also risks confusing the jury about the timeline and guests at the hotel. Finally, it perpetuates the prejudice to Plaintiffs by Retsel's failure to disclose: Plaintiffs cannot call witnesses to challenge the use of the folios at trial.

Retsel could have, but did not, disclose Giroux, Peneaux, or Brewer as witnesses. Retsel has not shown substantial justification or harmlessness. Rule 37(c) requires the exclusion of these witnesses and evidence related to them.

### III.    Red Cloud's testimony is already excluded by a motion in limine.

With respect to Marletta Red Cloud, as Plaintiffs made clear at the pretrial conference, she was disclosed as a witness, so Retsel's argument that she was disclosed misses the point. Rather, Ms. Red Cloud's testimony should be precluded because the

6

Court already granted Retsel's own motion in limine that testimony outside a witness's personal knowledge is inadmissible. (Dkt. 229 at 19; *see also* Fed. R. Evid. 602.)

Red Cloud was not present at any of the instances alleged in the complaint. She cannot testify from any source of personal knowledge about the facts at issue at trial. Retsel itself moved to exclude this type of testimony. (*See* Dkt. 346 at 26 (moving to exclude matters outside a witness's personal knowledge); Dkt. 229 (Court granting a prior version of this motion in limine and stating "There is no evidence that witnesses from either side will discuss matters outside their knowledge.").) To the extent that Red Cloud's testimony goes beyond her personal knowledge, she has not been designated as an expert witness and cannot offer any opinions beyond her personal knowledge.

### IV.    The testimony Retsel indicated it would elicit from Ferguson is also inadmissible under the Court's prior ruling on motions in limine.

Ferguson does not have personal knowledge of the incidents involving any Plaintiff. The Court already excluded testimony by Ferguson relating to a restraining order against Tilsen. (Dkt. 229 at 6.)

Retsel indicated in its witness list: "Brandon Ferguson – Will testify about an exchange he had with Nick Tilsen." (Dkt. 343 at 2.) Retsel's suggestion that it could call Ferguson to testify about that dispute between himself and Nick Tilsen as long as he does not testify about the restraining order itself is not an appropriate reading of the Court's prior ruling. Generally, "an exchange" between Tilsen and Ferguson is not relevant to any claim or counterclaim. Moreover, it would be an improper character attack on Nick Tilsen in violation of Rule 404. Finally, testimony regarding an exchange

7

between Tilsen and Ferguson would confuse the issues and waste time and should be excluded under Rule 403.

In conclusion, the Court should prevent Retsel from independently calling Ferguson as a witness to testify as indicated in its witness list. If Plaintiffs call Ferguson to testify about the Grand Gateway Hotel (*see* Dkt. 338 ¶ 12), Retsel may cross-examine him but cannot elicit testimony that would violate the Court's ruling in limine, nor can it elicit improper character evidence.

Dated: December 9, 2025                    Respectfully submitted,

*/s/ Timothy W. Billion*
Brendan V. Johnson (SD Bar # 3263)
Timothy W. Billion (SD Bar # 4641)
Thad A. Titze (SD Bar #5204)
ROBINS KAPLAN LLP
150 East 4th Place, Suite 704
Sioux Falls, SD 57104
Tel: 605-335-1300
Email: BJohnson@RobinsKaplan.com
        TBillion@RobinsKaplan.com
        TTitze@RobinsKaplan.com

**ATTORNEYS FOR PLAINTIFFS**

8

96706385.2