UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| NDN COLLECTIVE, SUNNY RED BEAR, NICK COTTIER, BRE JACKSON, MARY BOWMAN, and GEORGE BETTELYOUN,<br><br>Plaintiffs,<br><br>v.<br><br>RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO,<br><br>Defendant,<br><br>and<br><br>RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO and NICHOLAS UHRE,<br><br>Third-Party Plaintiff<br><br>v.<br><br>NDN COLLECTIVE,<br><br>Counterclaim Defendant. | 5:22-CV-05027-KES<br><br><br>ORDER ON PLAINTIFFS' OBJECTIONS TO DEFENDANT'S WITNESS LIST (DOCKET 352) |

Plaintiffs, NDN Collective et al., filed objections to defendant Retsel Corporation's witness list (Docket 343). Docket 353. Defendant filed its response to these objections (Docket 366) and plaintiffs replied in support of their objections shortly thereafter (Docket 368). This court now reviews each of plaintiffs' objections to defendant's witness list.

## I. Plaintiff Objects to Defendant Calling Brandon Ferguson as a Witness

Plaintiffs initially objected to the testimony of Brandon Ferguson on the grounds that his testimony was excluded by this court's order purportedly excluding his testimony at Docket 229. Docket 343 at 2. In its response, defendant claims that the order only excluded testimony related to a restraining order Ferguson had obtained against Tilsen. Docket 366 at 3. This is distinct from testimony Ferguson might offer about "an exchange" that occurred between himself and Tilsen.

But Ferguson's testimony is impermissible on other bases. Ferguson is listed as defendant's own witness for the purpose of testifying about an "exchange" between himself and Nick Tilsen. Docket 343 at 3. Retsel represented that this "exchange," which occurred on July 31, 2023, was relevant to show Ferguson's "credibility." Docket 214 at 10. Retsel stated that "[t]he legitimate fear of bodily harm that led Mr. Ferguson to obtain a protective order against Mr. Tilsen is relevant to his credibility because the jury could conclude that his current testimony is motivated by self-preservation." Docket 214 at 12. The Federal Rules of Evidence provide that,

> A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.

Fed. R. Evid. 608(a). In other words, the defense cannot offer general character evidence to impeach a witness that they themselves called before the witness's

character for truthfulness has been attacked. Nor can the defense offer specific acts evidence to impeach a witness that they themselves called:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about.

Fed. R. Evid. 608(b). Because of Rules 608(a) and 608(b), Ferguson's testimony regarding his own credibility or the "exchange" is inadmissible if the defense calls Ferguson as a witness. If Ferguson's testimony is not offered to impeach his credibility, it is likely not relevant. It is doubtful that testimony about a hostile exchange that occurred in 2023 carries any probative value toward allegations about incidents that occurred in 2020 and 2022. *See* Docket 358-19 at 17; Docket 84 at 2. Thus, Ferguson's testimony regarding this exchange is inadmissible if the defense calls him as a witness.

## II.     Plaintiffs Object to the Proposed Testimony of Marietta Red Cloud

Plaintiffs object to the proposed testimony of Marietta Red Cloud on the basis that she lacks personal knowledge of the events at issue in this matter, in violation of Fed. R. Evid. 602, 401, and 402. Docket 343 at 2. Plaintiffs contend that Red Cloud will improperly opine on defendant's general treatment of Native Americans. *Id.* This court lacks sufficient information at this time to determine if the content of Red Cloud's testimony is permissible under the Federal Rules of Evidence. Should Red Cloud's testimony violate the rules

3

during direct examination, plaintiffs may object and this court will rule at that time.

### III. Plaintiffs Object to the Proposed Testimony of Pamela Grioux and Troy Lynn Peneaux

Plaintiffs object to the proposed testimony of Pamela Grioux and Troy Lynn Peneaux because they were not disclosed by defendant until defendant filed its witness list on December 5, 2025 (Docket 362). Docket 343 at 2-3. Defendant argues that it previously disclosed these witnesses because they appeared on a Grand Gateway Hotel guest list that defendant produced during discovery. Docket 366 at 2. Plaintiffs reply that the guest lists that defendant produced, unlike what it has filed in support of its response now, redacted many names of Grand Gateway Hotel guests—including Grioux and Peneaux. *Id.* Even if that had not been the case, plaintiffs argue that producing a 277-page guest list is not a serious or acceptable substitute for disclosure of witnesses. *Id.* Plaintiffs also contend that defendant did not comply with Fed. R. Civ. P. 26(a)(1)(A)(i) or update its answers to interrogatories to indicate the names of these witnesses.

Under the Federal Rules of Civil Procedure, it is defendant's responsibility to formally identify the names, addresses and telephone numbers of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to supports its claims or defenses, unless the use would be solely for impeachment. Fed. R. Civ. P. 26(a)(1)(A)(i). Defendant did not do this. It is also defendant's responsibility to update its answers to plaintiffs' interrogatories. Fed R. Civ. P.

4

26(e)(1)(A). Interrogatory 2 of plaintiffs' interrogatories asks defendant to "identify all witnesses who may have knowledge relevant to the claims and defenses in this matter, and describe the knowledge you believe each witnesses possesses." Docket 368-1 at 4-6. Defendant never listed Grioux and Lynn in its answer to this interrogatory. *Id.* Additionally, a lengthy document containing a witness's name listed among hundreds of others does not count as a disclosure. *See Sender v. Mann*, 225 F.R.D. 645, 655 (D. Colo. 2004); *see also Olliver v. Sweetwater Union High School Dist.*, 768 F.3d 843, 861-63 (9th Cir. 2014). Thus, Grioux and Lynn's witness testimony is excluded.

## IV.  Plaintiffs Object to the Proposed Testimony of Selina Brewer

Plaintiffs also object to the proposed testimony of Selina Brewer because defendant did not disclose her as a witness. Docket 343 at 2. Defendant respond that she was disclosed because she appears, unnamed, in a video plaintiffs submitted as Exhibit 22 on its Exhibit List. Docket 339. Like with Grioux and Lynn, defendant had many opportunities and obligations to disclose this witness, but did not. *See* Docket 368-1 at 4-6. And like with the Grand Gateway Hotel guest list, the appearance of an unnamed person in a video listed as an exhibit is not tantamount to a witness disclosure. Thus, Brewer's testimony is excluded.

Thus, it is ORDERED,

1. That NDN's objection to the testimony of Brandon Ferguson is SUSTAINED,
2. That NDN's objection to the testimony of Marietta Red Cloud is OVERRULED,

3. That NDN's objection to the testimony of Pamela Grioux, Troy Lynn Peneaux, and Selina Brewer is SUSTAINED.
4. That Docket 353 is granted in part and denied in part.

Dated December 12, 2025

                              BY THE COURT:

                              */s/ Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE