UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| NDN COLLECTIVE, SUNNY RED BEAR, NICK COTTIER, BRE JACKSON, MARY BOWMAN, and GEORGE BETTELYOUN,<br><br>Plaintiffs,<br><br>v.<br><br>RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO,<br><br>Defendant,<br><br>and<br><br>RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO and NICHOLAS UHRE,<br><br>Third-Party Plaintiff<br><br>v.<br><br>NDN COLLECTIVE,<br><br>Counterclaim Defendant. | 5:22-CV-05027-KES<br><br><br>ORDER ON PLAINTIFFS' OBJECTIONS TO DEFENDANT'S DEPOSITION DESIGNATIONS (DOCKETS 382-386) |

Defendant submitted deposition designations for the following witnesses: Nick Tilsen's individual deposition (Docket 367), Monique "Muffie" Mousseau (Docket 367), Bill Knight (Docket 367), Cole Hunter (Docket 367), and Evelyn Martin (Docket 367). Plaintiffs object, arguing that the deposition testimony is not admissible under Rule 32. Dockets 382, 383, 384, 385, 386.

Rule 32 of the Federal Rules of Civil Procedure provides that "all or part of a deposition may be used against a party" if "the use is allowed by Rule 32(a)(2) through (8)." Fed R. Civ. P. 32(a)(1). During the pretrial conference, the court advised the parties that they did not need to designate prior to the trial any deposition testimony that would be used to impeach a witness on cross-examination. Thus, the only other provision that may be applicable is Rule 32(a)(4)—unavailable witness. The rule provides:

> A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: (A) that the witness is dead; (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition; (C) that the witness cannot attend or testify because of age, illness infirmity, or imprisonment; (D) that the party offering the deposition could not procure the witness's attendance by subpoena; or (E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

Fed. R. of Evid. 32(a)(4).

The burden of establishing the unavailability of a witness is on the party offering the deposition testimony. *See In Re Transcon. Energy Corp.*, 683 F.2d 326, 330 (9th Cir. 1982). Because defendant has not offered any explanation for the unavailability of Tilsen, Mousseau, Knight, Hunter or Martin, the court finds that their deposition testimony is not admissible. This ruling can be reconsidered if defendant comes forward with evidence to show unavailability of these witnesses. It is

ORDERED that plaintiffs' objections to Deposition Designations for Nick Tilsen's individual deposition (Docket 382), Monique "Muffie" Mousseau

(Docket 383), Bill Knight (Docket 384), Cole Hunter (Docket 385), and Evelyn Martin (Docket 386) are granted.

Dated December 12, 2025

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE