UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| NDN COLLECTIVE, SUNNY RED BEAR, NICK COTTIER, BRE JACKSON, MARY BOWMAN, and GEORGE BETTELYOUN,<br><br>Plaintiffs,<br><br>v.<br><br>RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO,<br><br>Defendant,<br><br>and<br><br>RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO and NICHOLAS UHRE,<br><br>Third-Party Plaintiff<br><br>v.<br><br>NDN COLLECTIVE,<br><br>Counterclaim Defendant. | 5:22-CV-05027-KES<br><br>ORDER ON DEFENDANT'S OBJECTIONS TO PLAINTIFFS' DEPOSITION DESIGNATIONS (DOCKET 372) |

Defendant, Retsel Corporation, filed objections to plaintiffs' designations of deposition testimony from Connie Uhre's October 2023 criminal trial transcript (Docket 355) and from Hermus Bettelyoun's testimony listed at 64:17-65:5 (Docket 358-7). Docket 372. This court now reviews both objections.

Defendant objects to the introduction of Connie Uhre's deposition testimony on the grounds that Connie Uhre's assault, which was the point-at-issue in that case, has already been stipulated to have occurred in this case. Docket 372. But the segments of Connie Uhre's deposition testimony outlined by plaintiffs in their deposition designations (Docket 355) are not about the assault and instead are relevant for another reason: They are probative of facts at issue in the third-party nuisance/defamation counterclaim (*See* Docket 86 at 20; Docket 212 at 36-37) raised by Nicholas Uhre. Furthermore, Connie Uhre's deposition testimony would not be hearsay, because she was an officer, director, managing agent or employee of Retsel Corporation. Her statements are thus those of a party opponent. *See* Fed. R. Evid. 801(d)(2).

Defendant also objects to Hermus Bettelyoun's testimony on the grounds that it elicits improper opinion testimony regarding defendant's alleged treatment of racial groups beyond the scope of issues presented in this case. Docket 372. This sustains this objection in part and denies it in part. The objection to lines 64:17-24 is overruled. The objection to lines 64:25-65:5 is sustained because it lacks foundation and is not based on the witness's personal knowledge.

Thus, it is ORDERED,

1. That defendant's objection to plaintiffs' designations of deposition testimony from Connie Uhre's October 2023 criminal trial are OVERRULED, and

2. That defendant's objection to Hermus Bettelyoun's testimony listed at 64:17-65:5 is SUSTAINED in part and OVERRULED in part.

Dated December 12, 2025

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE