UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| NDN COLLECTIVE, SUNNY RED BEAR, NICK COTTIER, BRE JACKSON, MARY BOWMAN and GEORGE BETTELYOUN,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO,<br><br>　　　　Defendant,<br><br>and<br><br>RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO and NICHOLAS UHRE,<br><br>　　　　Counterclaim Plaintiffs,<br><br>　v.<br><br>NDN COLLECTIVE,<br><br>　　　　Counterclaim Defendant. | 5:22-CV-05027-KES<br><br>ORDER CONDITIONALLY GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO WAIVE SUPERSEDEAS BOND AND TO STAY EXECUTION OF THE JUDGMENT |

　　　This action came before the court for trial by jury. The jury returned a verdict for plaintiffs and against defendant Retsel Corporation on plaintiffs' 42 U.S.C. § 1981 discrimination claims and Sunny Red Bear's assault claim. Docket 434. The court entered a judgment based on the jury's verdict. Docket 435. Under the judgment, Retsel must pay $32,002 in compensatory damages

and $32,001 in punitive damages. *Id.* After entry of judgment, Retsel filed a renewed motion for judgment as a matter of law, alternative motion to alter, amend, or remit the judgment, and further alternative motion for a new trial. Docket 449. Retsel also filed a motion for relief from judgment pursuant to Rule 60(b)(2) and (6).[1] Docket 458. Plaintiffs move for attorneys' fees and non-taxable costs and expenses. Docket 436. After entry of the judgment, Retsel filed a notice of appeal (Docket 451) and a motion to waive supersedeas bond and to stay execution of the judgment pending adjudication of Retsel's post-trial motions and, if necessary, an appeal to the United States Court of Appeals for the Eighth Circuit (Docket 456). For the reasons explained below, the court conditionally grants in part and denies in part Retsel's motion to waive supersedeas bond and to stay execution of the judgment.

## LEGAL AUTHORITIES AND ANALYSIS

Federal Rule of Civil Procedure 62 provides in relevant part:

(a) **Automatic Stay**. . . . [E]xecution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise.

(b) **Stay by Bond or Other Security**. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

. . .

---

[1] Retsel's pre-trial Rule 60(b) motion seeking to vacate the court's order declining to dismiss plaintiffs' § 1981 claims for lack of standing (Docket 279) and the court's order refusing to reconsider that same order (Docket 309) is also pending. Docket 348.

     (g)     **Appellate Court's Power Not Limited.** This rule does not limit the power of the appellate court or one of its judges or justices:

          (1) to stay proceedings—or suspend, modify, restore, or grant an injunction—while an appeal is pending; or

          (2) to issue an order to preserve the status quo or the effectiveness of the judgment to be entered.

Fed. R. Civ. P. 62(a), (b), (g).

Although Retsel has filed a notice of appeal and post-trial motions, plaintiffs can now enforce the judgment unless Retsel "obtain[s] a stay by providing a bond or other security." Fed. R. Civ. P. 62(a). A "bond secures the prevailing party against any loss sustained as a result of being forced to forego execution on a judgment during the course of an ineffectual appeal." *Poplar Grove Planting & Refin. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). A court generally sets this discretionary bond, known as a supersedeas bond, "in the full amount of the judgment plus interests, costs, and damages for delay." *New Access Comm'ns LLC v. Qwest Corp.*, 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005) (citation modified). One purpose of the supersedeas bond is to "protect the appellee against the risk that the appellant could satisfy the judgment prior to the appeal but is unable to satisfy the judgment after the appeal." *Regions Bank v. Lamb*, 2017 WL 5736371, at *2 (E.D. Ark. Mar. 15, 2017). As this court has previously stated:

> Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where

3

> posting adequate security is practicable. In unusual circumstances, however, the district court in its discretion may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery.

*Skrovig v. BNSF Ry. Co.*, No. 4:10-CV-04022, 2012 WL 2505749, at *2 (D.S.D. June 28, 2012) (quoting *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760–61 (D.C. Cir. 1980)).

Criteria the court may examine when considering whether to waive a supersedeas bond in the context of a civil money judgment include (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be waste of money; and (5) whether the defendant is in such a precarious financial situation that requiring the defendant to post a bond would place other creditors in an insecure position. *Id.* at *3 (citing *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1989)).

> [T]he factors regulating the issuance of a stay are . . . : (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill,* 481 U.S. 770, 776 (1987).

Retsel contends that its financial condition is precarious and that "[r]equiring Retsel to post a bond or other security, to obtain a stay of execution on the judgment, would not improve Plaintiffs' position and would only drain

4

the last resources of a virtually insolvent company, displace other unsecured creditors, and eliminate any chance of preserving the status quo." Docket 457 at 2. In support of its motion, Retsel submitted a declaration from its president averring that Retsel attempted unsuccessfully to obtain a supersedeas bond because the prospective surety declined to issue a bond absent a substantial cash deposit or creditor support letter. Docket 457-1 ¶ 8. Retsel is unable to provide either. *Id.* The funds in Retsel's corporate bank account, which are minimal, are the only liquid capital available to Retsel, but these funds are required to meet ongoing obligations and are insufficient to collateralize a supersedeas bond. *Id.* ¶ 3. The hotel property that is the subject of this litigation is in receivership and scheduled for a sheriff's sale in the near future. *Id.* ¶ 6. Retsel anticipates that satisfying secured claims and related costs will exhaust substantially all the proceeds of the foreclosure sale. *Id.* Plaintiffs believe that the foreclosure sale may generate excess proceeds but the amount is uncertain. Docket 462 at 4 n.2.

     Plaintiffs oppose Retsel's motion for a stay without issuance of a supersedeas bond and request that the court require Retsel to "post a full supersedeas bond that will protect Plaintiffs' judgment." *Id.* at 9. In this case, analysis of the relevant factors is significantly hampered because plaintiffs seek attorneys' fees and costs totaling $3,822,955.24. *Id.* at 3 (citing Docket 436). As plaintiffs correctly note, if the court grants plaintiffs' motion for attorneys' fees and costs, the court will issue an amended judgment, but it remains to be seen whether plaintiffs will prevail on their motion for attorneys' fees and costs.

Retsel vigorously opposes the motion for attorneys' fees. Docket 465, 466. How the court considers and weighs the relevant factors may vary if the judgment plaintiffs seek to enforce is a multi-million judgment instead of a judgment in the amount of $64,003.00.

    Retsel has limited assets: a corporate bank account with a modest balance and the hotel property in issue in this litigation. Docket 457-1 ¶¶ 3, 4, 5; Docket 462 at 5. The hotel is the only possible asset to satisfy the judgment, but the hotel is scheduled to be sold at a foreclosure sale next week. Thus, unless the foreclosure sale generates excess proceeds sufficient to satisfy the judgment, Retsel may lack sufficient funds to satisfy the judgment. The parties disagree whether the foreclosure sale will generate excess proceeds, and the record is insufficient for the court to assess the likelihood of excess proceeds. Permitting plaintiffs to immediately execute the judgment would not change anything. Retsel's primary asset is scheduled for a foreclosure sale, and the secured mortgagor has priority over plaintiffs, regardless of whether the court stays enforcement of the judgment. Plaintiffs have recorded the judgment as a lien on the hotel property. Thus, plaintiffs have preserved a claim to any excess proceeds, although there may be other unsecured creditors that also have claims.

    At this stage of the proceedings, the court is hesitant to permit plaintiffs to enforce the existing judgment after the foreclosure sale because there is a reasonable likelihood doing so may prejudice other creditors and deny Retsel a meaningful opportunity to appeal if its post-trial motions (Dockets 449, 458)

are denied. Thus, the court conditionally grants Retsel's motion to stay (Docket 456) in part and stays execution of the judgment pending resolution of the post-trial motions (Dockets 449, 458), and if appropriate, entry of an amended judgment.

Based on the record before the court, Retsel lacks the ability to post a supersedeas bond. Plaintiffs appear to argue that the court should require a supersedeas bond because Retsel's shareholders may have sufficient funds to obtain a supersedeas bond. Docket 462 at 6. For the same reasons that it would be improper for the court to summarily order that Retsel's shareholders satisfy the judgment, it is inappropriate for the court to disregard Retsel's corporate structure and require a supersedeas bond because one or more of Retsel's shareholders may have personal assets sufficient to obtain a supersedeas bond. Because Retsel at this time lacks the ability to post a supersedeas bond, Retsel's motion to waive a supersedeas bond (Docket 456) is conditionally granted in part.

But the record demonstrates that Retsel's ability to post a supersedeas bond may change in the near future if the foreclosure sale, which is imminent, generates excess proceeds. If the sheriff's foreclosure sale generates excess proceeds, Retsel must retain in an escrow account excess proceeds in the amount of the judgment (Docket 435) for thirty days after completion of the foreclosure sale to permit plaintiffs to file a motion requesting that the court reconsider its order granting Retsel's motion to waive a supersedeas bond. This requirement addresses plaintiffs' concern that "Retsel can pocket any excess

7

proceeds from the sheriff's sale[]" to avoid paying the judgment. *See* Docket 462 at 9. If Retsel is unwilling to agree to retain excess proceeds in the amount of the judgment (Docket 435) for thirty days after the foreclosure sale, Retsel's motion to waive a supersedeas bond (Docket 456) is denied, and Retsel must post a supersedeas bond in the amount of $64,003.00 within 14 days of the date of this order to avoid plaintiffs instituting collection while the post-trial motions are pending.

    Thus, it is ORDERED

    1.    That Retsel's motion to waive supersedeas bond and motion to stay execution of judgment (Docket 456) is conditionally granted in part. Execution of the judgment is stayed pending resolution of the post-trial motions (Dockets 436, 449, 458) provided that Retsel is willing to retain in an escrow account excess proceeds from the sheriff's foreclosure sale in the amount of the judgment (Docket 435) for thirty days after completion of the foreclosure sale to permit plaintiffs to file a motion requesting that the court reconsider its order granting Retsel's motion to waive a supersedeas bond.

    2.    If Retsel is unwilling to agree to retain excess proceeds in the amount of the judgment (Docket 435) for thirty days after the foreclosure sale, Retsel's motion to waive a supersedeas bond (Docket 456) is denied, and Retsel must post a supersedeas bond in the amount of $64,003.00 within 14 days of the date of this order to avoid plaintiffs

instituting collection while the post-trial motions are pending.

Dated February 20, 2026.

                              BY THE COURT:

                              /s/ Karen E. Schreier
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE