UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| NDN COLLECTIVE, SUNNY RED BEAR, NICK COTTIER, BRE JACKSON, MARY BOWMAN and GEORGE BETTELYOUN, <br><br> Plaintiffs, <br><br> v. <br><br> RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO, <br><br> Defendant, <br><br> and <br><br> RETSEL CORPORATION, d/b/a GRAND GATEAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO and NICHOLAS UHRE, <br><br> Counterclaim Plaintiffs, <br> v. <br><br> NDN COLLECTIVE, <br><br> Counterclaim Defendant. | 5:22-CV-05027-KES <br><br> ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT |

Defendant, Retsel Corporation, and counterclaim plaintiff, Nicholas Uhre, move under Fed. R. Civ. P. 60(b)(2) and 60(b)(6) for relief from judgment due to Judge Piersol's failure to recuse himself from this matter *sua sponte* due to alleged conflicts of interest. Docket 458. Plaintiffs filed a response, Docket 461,

and Retsel and Uhre filed a reply, Docket 464. After a review of the record, the court issues the following order and denies Retsel and Uhre's motion in full.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(2), (6). Relief under Rule 60(b) is an "extraordinary remedy" granted at the discretion of the trial court. *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004).

To prevail under Rule 60(b)(2), "the movant must show that: (1) the evidence was discovered after trial; (2) due diligence was exercised to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence is such that a new trial would probably produce a different result." *Schwieger v. Farm Bureau Ins. Co. of Neb.*, 207 F.3d 480, 487 (8th Cir. 2000). To prevail under Rule 60(b)(6), a movant must demonstrate "exceptional circumstances" warranting relief. *In re Guidant Corp. Implantable Defibrilators Prods. Liab. Litig.*, 496 F.3d 863, 868 (8th Cir. 2007). The Eighth Circuit does not provide an exhaustive list of circumstances that may qualify as exceptional, but district courts may consider "risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." *Davis v. Kelley*, 855 F.3d 833, 835 (8th Cir. 2017) (citation modified);

2

*see also Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988). Further, the Eighth Circuit cautions that relief under Rule 60(b)(6) is "exceedingly rare[.]" *Guidant Corp.*, 496 F.3d at 868.

## BACKGROUND

Three District of South Dakota judges have presided over this case across its over four-year lifespan. *See* Docket 31 (reflecting reassignment from Judge Lange to Judge Piersol); Docket Entry between 321 and 322 (reflecting reassignment from Judge Piersol to Judge Schreier). For the majority of that time, the presiding judge was Judge Piersol, who was assigned to this matter from December 12, 2022 to July 10, 2025. Judge Piersol ruled on many dispositive or important motions during that period, including motions for summary judgment from both parties, Docket 206; Docket 212, and motions in limine that the undersigned reviewed and adopted before this case went to trial, Docket 229; Docket 321; *see also* Docket 365 at 11-17. Judge Piersol's involvement in the case terminated on July 10, 2025, six months before entry of judgment against Retsel and Uhre, *see* Docket 435, and seven months before Retsel and Uhre's motion here, *see* Docket 458.

Retsel now argues that during the entire two-and-a-half-year period when Judge Piersol presided over this case, he was required to recuse himself under 28 U.S.C. § 455(a) due to alleged conflicts of interest. *See generally,* Docket 459. Specifically, Retsel and Uhre state that after entry of judgment, they discovered new evidence of three undisclosed, disqualifying relationships Judge Piersol had with plaintiffs and plaintiffs' counsel: (1) Judge Piersol's wife,

3

Catherine Piersol, served on the board of directors of the Bush Foundation, which has given numerous grants to NDN Collective and people associated with it; (2) Catherine Piersol was once a law partner of James Billion—the brother of one of plaintiffs' attorneys; and (3) Judge Piersol once presided over another matter involving NDN Collective. *Id.* at 3-5.

**DISCUSSION**

## I.     Recusal Under 28 U.S.C. § 455(a)

28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "Under § 455(a), disqualification is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *United States v. Tucker*, 78 F.3d 1313, 1324 (8th Cir. 1996) (internal quotation omitted). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992) (citation omitted). In addition to that substantial burden, a movant is constrained by a timeliness requirement. "Timeliness requires a party to raise a claim 'at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.' " *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (quoting *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987)).

4

Retsel and Uhre's claim is untimely. Retsel and Uhre state that they only discovered Judge Piersol's alleged conflicts of interest after conducting a "post-judgment investigation" immediately after the jury returned its verdict. *See* Docket 464 at 3. When Retsel and Uhre filed their motion, it had been over three years since Judge Piersol was first assigned to this matter. *See* Docket 31; Docket 458. During that time, Retsel and Uhre were represented by at least eleven different attorneys from three different law firms. *See NDN Collective, et al. v. Retsel, et al.,* 5:22-CV-05027 (D.S.D. 2022) (CM/ECF Docket Caption). It is not credible to believe that Retsel and Uhre only gained "knowledge of facts demonstrating the basis for such a claim" immediately after the jury returned a verdict for plaintiffs and Retsel's strategy pivoted to attempting to vacate the judgment with post-trial motions. *See* Docket 449; Docket 458.

## II.    Motion for Relief from Judgment under Rule 60(b)(2)

Even if this court assumes that Retsel and Uhre only learned of these conflicts in January, their motion under Rule 60(b)(2) is untimely. Rule 60(b)(2) provides a basis for relief from final judgment in the case of "newly discovered evidence that, *with reasonable diligence, could not have been discovered* in time to move for a new trial under Rule 59(b)[.]" Fed. R. Civ. P. 60(b)(2) (emphasis added). Retsel timely moved for a new trial under Rule 59(b) on seven different grounds, but never on the basis of Judge Piersol's alleged conflicts of interest. *See* Docket 450 at 20-31. Retsel and Uhre could have learned of the evidence they present now in time to move under Rule 59(b). Retsel's exhibits show that the three alleged conflicting interests all terminated years before this matter

5

concluded. The most recent Bush Foundation grant that Retsel and Uhre's exhibits indicate was gifted in 2022. *See* Docket 459-5. Catherine Piersol and James Billion's professional partnership was dissolved in 2015. *See* Docket 459-2. And the other case involving NDN that Judge Piersol presided over, *Dakota Rural Action v. Noem,* 5:19-CV-05026-LLP (D.S.D. 2019), terminated in 2019. *See* Docket 459-7. Retsel and Uhre offer no reason why reasonable diligence could not have led to the discovery of this evidence from 2022 to 2025. Thus, because Retsel and Uhre have not shown that due diligence was exercised to discover the evidence, their motion for relief from judgment under Fed. R. Civ. P. 60(b)(2) is denied.

### III.   Motion for Relief from Judgment Under Rule 60(b)(6)

Retsel and Uhre's motion under Rule 60(b)(6) is not constrained by a requirement that the motion under the rule be made within a specific timeframe. Rather, the Federal Rules only require that it be made within a "reasonable time." *See* Fed. R. Civ. P. 60(b)(6), (c)(1); *see also Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005). For the purposes of its analysis, this court accepts Retsel and Uhre's premise that they learned of Judge Piersol's alleged conflicts shortly after the jury verdict and considers the motion as if it had been timely made. After doing so, this court denies Retsel and Uhre's motion on its merits.

As the Supreme Court explained in *Liljeberg,* 486 U.S. at 863, failure to disclose conflicts of interest under 28 U.S.C. § 455(a) can justify post-judgment relief under Rule 60(b)(6) in exceptional circumstances. Thus, while the Eighth

Circuit's standard for recusal informs this court's analysis, *see supra* Part I, a Rule 60(b)(6) posture introduces factors that raise movants' bar higher than where it would be if this court was considering a motion brought solely under § 455(a). *See Liljeberg,* 486 U.S. at 862-63 (noting that Rule 60(b)(6) relief for § 455(a) violations is "neither categorically available nor categorically unavailable," but cautioning that it must be granted only in "extraordinary circumstances"). As with ruling on Rule 60(b)(6) motions generally, the Court instructed that "it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process" when considering an alleged violation of § 455(a). *Id.* at 863; *compare Davis,* 855 F.3d at 835 (the Eighth Circuit outlining substantively the same factors outside of the § 455(a) context).

Here, none of the alleged conflicts would cause an objective observer to question Judge Piersol's impartiality, and they do not rise to the level of undermining the public's confidence in the judicial process, risking injustice to the parties, or risking injustice in other cases. The exhibits Retsel and Uhre offer to demonstrate Catherine Piersol's association with the Bush Foundation do not indicate whether or when she served on its board. *See* Docket 459-3; Docket 459-4; Docket 459-5; Docket 459-6. In fact, Catherine Piersol's name does not appear in them at all. Even assuming that Catherine Piersol was on the Bush Foundation's board at some point, this court does not agree that this would constitute a conflict of interest for Judge Piersol. The Bush Foundation

is an enormous nonprofit organization that has given away billions of dollars in grants. *History*, BUSH FOUNDATION, https://www.bushfoundation.org/history/ (last accessed Jun. 8, 2026). An unsupported claim that Judge Piersol's spouse has at some point served on the board of a charitable organization that has given grants to one of the named plaintiffs in this matter would not cause a reasonable, objective observer to question Judge Piersol's impartiality, and it would not create a risk of injustice to the parties in this or other cases, or undermine the public's confidence in the judicial process.

Catherine Piersol's prior professional association with Timothy Billion's brother, James Billion, also does not meet this demanding standard. Retsel and Uhre's exhibits demonstrate that Catherine Piersol and James Billion's limited liability partnership dissolved in 2015, seven years before Judge Piersol was assigned to this case. Docket 459-2. Even when it existed, the interests of Tim Billion and Judge Piersol were far too attenuated to trouble any objective observer. Three degrees of separation make up the supposed chain linking Judge Piersol, his wife, Tim Billion's brother, and Tim Billion. In a relatively small district, determining that an association as attenuated as this one requires recusal would likely make it difficult to find any lawyer to appear before a federal judge. And this is a far more distant relationship between counsel and a presiding judge than ones that federal courts traditionally prohibit. *See, e.g. Ark. State Conf. NAACP v. Ark. Bd. of Apportionment,* 578 F. Supp. 3d 1011, 1020-22 (E.D. Ark. 2022) (determining that recusal of a Judge who once worked under a defendant when the defendant was a state Attorney

8

General was not required); *see also Brown v. Brock,* 169 F. App'x. 579, 583 (11th Cir. 2006) (per curiam) (noting that it is ethically acceptable for a judge's former law clerks to practice before that judge unless the law clerk has knowledge about the judge's thoughts on the case at bar). Thus, Retsel and Uhre have not demonstrated that Catherine Piersol and Jim Billion's prior professional association constitutes an exceptional circumstance meriting relief from judgment.

Finally, Retsel and Uhre's contention that Judge Piersol was conflicted because he had previously presided over *Dakota Rural Action*—a case involving NDN Collective—is mistaken. As Retsel and Uhre acknowledge, there is nothing improper about a litigant making multiple appearances before the same judge. *See* Docket 464 at 5. A reasonable, objective observer would recognize this reality. In their reply brief, Retsel and Uhre clarify that "[t]he point is not that repeat appearances are improper. It is that repeated judicial involvement with the same litigants—combined with undisclosed extrajudicial relationships that tie the judge's household to those litigants—heightens, rather than diminishes, the need for disclosure[.]" *Id.* But this court does not agree that the cumulative weight of three unsupported, attenuated, or unproblematic relationships satisfies Retsel and Uhre's heavy burden of showing "exceptional circumstances" under Rule 60(b)(6), or that it comes closer than these purported conflicts did in isolation. Thus, this court denies Retsel and Uhre's motion for relief from judgment under Rule 60(b)(6).

## CONCLUSION

For the reasons explained above, it is

ORDERED that Retsel and Nicholas Uhre's Motion for Relief from Judgment (Docket 458) is DENIED.

Dated June 23, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE